NATIONWIDE INSURANCE COMPANY ET AL. *v.* DUCANE INDUSTRIES ET AL.

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE NO. 94105S
STAMFORD-NORWALK AT STAMFORD

Memorandum filed July 16, 1990

*Cotter, Cotter & Sohon,* for the named plaintiff et al.

*Silver, Golub & Sandak,* for the plaintiff David Zullo et al.

*Mulvey, Oliver, Gould & Riccio,* for the named defendant.

*Danforth & Morin,* for the defendant Aitoro Appliance Company.

*Howard & Ludorf,* for the defendant Brewers Hardware.

LEWIS, J. This is a product liability action under General Statutes § 52-572m et seq. The plaintiffs are Nationwide Insurance Company, David Zullo, Susan Zullo, Lynda Ialeggio, as executrix of the estate of Alyce Zullo, and Joseph Zullo, a minor child of David and Susan Zullo. The defendants are: Ducane Industries, manufacturer of a liquid propane fueled barbeque grill; Aitoro Appliance Company, seller of the grill; and Brewers Hardware, supplier of the liquid propane gas tank used to fuel the grill.

The individual plaintiffs are seeking recovery for, inter alia, damage sustained as a result of a fire at their home, in Norwalk, on June 10, 1987, which, according to the plaintiffs, was caused by alleged defects in the gas grill, which exploded, caught fire and ignited the home.

Nationwide, which had issued a homeowners' policy to the Zullos, paid them approximately $350,000 for the property damage they sustained in the fire and is pursuing this claim as a subrogee of their insureds. The Zullos join as plaintiffs seeking recovery for uninsured property damage.

Before the court at this time are motions for summary judgment filed by the defendants Brewers and Aitoro, concerning the claim by the minor child Joseph Zullo (aged four at the time of the incident) for damages for unintentional infliction of emotional trauma and depression arising out of his reaction to the fire at his parents' home. This claim is encompassed in the fourth, fifth and sixth counts of the amended complaint.

The defendants claim first that the minor plaintiff fails to state a cause of action cognizable in this state, and, second, that even if such a cause of action exists, the facts in this case do not support such a claim.

The documentary evidence submitted by the defendants and the plaintiffs indicates that at the time of the incident, Joseph Zullo was in a room other than the breezeway where the gas grill exploded, that he himself did not receive any physical injuries, that he looked at the fire from across the street accompanied by his mother and that he did not seek medical attention for his alleged emotional distress. While he claims to have been upset and worried that his father, who had been in the breezeway where the grill exploded and the fire started, was in peril, it is conceded that his father sustained no actual physical injuries.

The criteria for summary judgment have been discussed many times by this state's appellate courts and, in *Hammer* v. *Lumberman's Mutual Casualty Co.*, 214 Conn. 573, 578–79, 573 A.2d 699 (1990), the Supreme Court recently summarized these standards as follows: (1) a summary judgment may be granted if, in the words of Practice Book § 384, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law; (2) a material fact is one that will make a difference in the outcome of the case; (3) the test for granting summary judgment is whether the movant would be entitled to a directed verdict on

the same facts; (4) the movant has the burden of demonstrating that there are no issues of material fact, but the nonmovant must do more than simply make a bald statement that an issue of fact exists. Rather, he must state specific facts contradicting the facts contained in the papers supporting the motion and thus demonstrate the existence of disputed factual issues.

Not at issue in the present motions are two related concepts that deserve mention at this point. The minor plaintiff is not asserting a cause of action in tort as an addition to the product liability claim, the possibility of which was finally interred by *Winslow* v. *Lewis-Shepard, Inc.,* 212 Conn. 462, 471, 562 A.2d 517 (1989). The claim for emotional injuries is part of the claim for relief and is said to constitute an element of the "harm" that is compensable under the product liability law, which includes "personal injury." General Statutes § 52-572m (d). This court agrees with the minor plaintiff that in a product liability claim "physical injury" should be construed to include mental or emotional injuries without the necessity of accompanying physical harm, as the act itself makes no such distinction.

Also not involved, at least according to the minor plaintiff, is the so-called bystander emotional disturbance claim popularized by the oft-quoted California case of *Dillon* v. *Legg,* 68 Cal. 2d 728, 441 P.2d 912, 69 Cal. Rptr. 72 (1968). The Connecticut romance with this concept or, as the Supreme Court put it perhaps more delicately, "our dalliance," appears to have been interred also, at least in malpractice cases. *Maloney* v. *Conroy,* 208 Conn. 392, 402, 545 A.2d 1059 (1988). Although denying any reliance on the bystander recovery concept, the minor plaintiff in fact claims that he was near the scene of the accident, that he actually saw the fire in progress, and that the "victim" was his father, for whose safety he feared. Thus, in effect, he alleges the three prerequisites for bystander recovery. Id., 395–96.

According to the minor plaintiff, however, he is relying exclusively on recovery for emotional distress as outlined in *Montinieri* v. *Southern New England Telephone Co.*, 175 Conn. 337, 345, 398 A.2d 1180 (1978), and more recently in *Buckman* v. *People Express, Inc.*, 205 Conn. 166, 173, 530 A.2d 596 (1987) ("the defendant knew or should have known ' "that its conduct involved an unreasonable risk of causing distress and that that distress, if it were caused, *might result in injury or bodily harm" ' "* ). The allegations of the complaint in the present case track almost verbatim the *Montinieri* guidelines for recovery and thus, on its face, the complaint asserts a cognizable cause of action. *Montinieri* also holds, according to *Maloney* v. *Conroy*, supra, 398, that foreseeability, as a prerequisite to recovery for emotional distress, "focuses more precisely upon the nature of the harm to be anticipated as a prerequisite to recovery"; *Montinieri* v. *Southern New England Telephone Co.*, supra, 338–40; rather than the usual standard of "foreseeability that harm of the general nature of that suffered is likely to result." *Maloney* v. *Conroy*, supra, 400.

The issue in these motions for summary judgment is whether the "nature of the harm to be anticipated" concept may be decided as a matter of law or whether it presents an issue of material fact to be decided by the jury.

Even if *Maloney* is confined strictly to malpractice, the court does not believe the *Montinieri* emotional recovery concept may be enlarged to include the facts in the present case where the minor plaintiff did not actually witness any physical injuries to another person, since there were in fact no physical injuries to another, but rather only fear by the minor plaintiff that injuries to a loved one might be occurring.

If, from across the street, the minor plaintiff actually witnessed his father coming out of the burning house on fire and obviously suffering physical injuries, then a different result could well ensue, because it could be reasonably foreseeable for a manufacturer and seller of a defective product that blew up and caused a fire to anticipate that someone would be injured and that the injury would be witnessed by a closely related third party. In the present case, however, there was no physical injury to anyone and it can be said as a matter of law that it is not reasonably foreseeable for a manufacturer or seller of a defective product that a witness to a calamity will suffer emotional stress simply from assuming that a loved one may be in peril; that is, "the nature of the harm to be anticipated" is not foreseeable. Id., 398.

In conclusion, this court believes, that the facts in the present case fall squarely within the danger discussed in *Maloney* v. *Conroy,* supra, 397–98, that recognizing a cause of action under these circumstances would "inundate judicial resources with a flood of relatively trivial claims." This decision accords with *Strazza* v. *McKittrick,* 146 Conn. 714, 718–19, 156 A.2d 149 (1959), where a mother could not recover for emotional distress she suffered because of her fears for the safety of her child when a truck crashed into a porch where her daughter was supposedly located.

Accordingly, the motions of the defendants Aitoro and Brewers for summary judgment on the minor plaintiff's claim for emotional injuries are granted.