[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
This case was initiated by writ, summons and complaint dated December 19, 1989, wherein the plaintiff Harbour Island Associates claims that the defendants are indebted to it by reason of a promissory note having an outstanding balance of $225,000.00 plus interest. An answer was filed on June 8, 1990 and the matter was claimed for the trial list on June 21, 1990 as a non-jury matter. Requests for admission dated June 19, 1990 were answered by the defendant pursuant to section 239 of the Connecticut Practice Book, which answers were filed with the court on July 5, 1990. Thereafter, on October 30, 1990, the plaintiff filed a motion for summary judgment and an attached memorandum of law with exhibits.
 The criteria for summary judgment have been discussed many times by this state's appellate courts and, in Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578-79, 573 A.2d 699 (1990), the Supreme Court recently summarized these standards as follows: (1) a summary judgment may be granted if, in the words of Practice Book section 384, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law; (2) a material fact is one that will make a difference in the outcome of the case; (3) the test for granting summary judgment is whether the movant would be entitled to a directed verdict on the same facts; (4) the movant has the burden of demonstrating that there are no issues of material fact, but the nonmovant must do more than simply make a bald statement that an issue of fact exists. Rather, he must state specific facts contradicting the facts contained in the papers supporting the motion and thus CT Page 4656 demonstrate the existence of disputed factual issues.
Nationwide Insurance Company v. Ducane Industries,41 Conn. Sup. 411, 413 (1990).
In response to the request for admission, the defendant Neil Denenberg has admitted the various allegations including the default on the obligation and the present balance due of $225,000.00 plus "outstanding interest installments". The defendant Pink Sands Limited Partnership has been defaulted.
Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. State v. Goggin,208 Conn. 606, 615 (1988).
The plaintiff has not moved for judgment on the default against the defendant Pink Sands Limited Partnership, nor has the defendant provided an affidavit of debt or other evidence from which it could be determined what the alleged interest is which the plaintiff claims to be due and owing.
Accordingly, this motion will be considered as directed against the defendant Neil Denenberg only and will be considered on the issue of liability as provided for in Connecticut Practice Book section 385 on an interlocutory basis.
The Court finds from the above analysis that there is no genuine issue of a material fact with regard to the liability issue and therefore the motion for summary judgment on the issue of liability against Neil Denenberg is granted and the matter is continued on the docket for a determination with regard to damages in accordance with law.
LEUBA, J.