[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
FACTUAL BACKGROUND
On July 11, 1987, the plaintiffs' decedent was fatally shot by Eric K. Steiger while the decedent was at his home in Suffield. The plaintiffs have sued the defendants, Andrew and Bryan Patterson and Richard Bazzano, alleging that they acted in concert with Steiger in the killing.
The third, sixth and ninth counts of the substituted complaint allege a cause of action by the plaintiff, Katherine Seymour, individually, against each defendant grounded in bystander emotional distress. Her basic factual claim is that CT Page 3550 she was outside of her home where the shooting occurred, she heard what later proved to be gunshots. She knew her son was in the vicinity and subsequently discovered that he was the gunshot victim.
LAW AND CONCLUSION
The defendants seek summary judgment on the grounds that Connecticut does not recognize a cause of action for emotional distress. The plaintiffs argue that in view of numerous Superior Court decisions based on Maloney v. Conroy, 208 Conn. 392
(1988), and Amodio v. Cunningham, 182 Conn. 80 (1980), our Supreme Court has adopted the view of the California Supreme Court as enunciated in Dillon v. Legg, 68 Cal. 22, 728 441 P.2d 912
(1968), and Justus v. Atchison, 19 Cal.3d 564, 565 P.2d 122
(1977).
In those cases, the California court allowed such a cause of action when the following criteria were met: "(1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it, (2) whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence, (3) whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship. " Dillon v. Legg, supra, 740-741.
If Dillon v. Legg is the law of this state, the defendants would not be entitled to summary judgment because the question of the direct emotional impact (the second prong of the Legg criteria) should properly be determined by the trier of fact.
Summary judgment can only be granted if there is no genuine issue as to any material fact. Practice Book Sec. 384, Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984).
The question remaining for this court, therefore is the status at this time of the law of bystander emotional distress in Connecticut.
The myriad of Superior Court cases, going both ways on this question, basically turn on each judge's interpretation of the holding in Amodio v. Cunningham, supra, and its predecessor, Maloney v. Conroy, supra. Almost every Superior Court holding such cause of action to exist interprets these cases as holding that our Supreme Court, except in medical malpractice cases, (Amodio and Maloney), has embraced Dillon v. Legg and has adopted the standards therein. CT Page 3551
In Strazza v. McKittrick, 146 Conn. 714, 719 (1959), our Supreme Court unequivocally held "[e]ven where a plaintiff has suffered physical injury . . . there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another."
In both Amodio and Cunningham the court, recognizing a change in the status of the law in California and other states, made a thorough and scholarly analysis of Dillon v. Legg and other pertinent cases. Amodio and Cunningham were, of course, malpractice cases. The instant case is one involving an alleged direct emotional impact.
This court has carefully analyzed both Amodio and Cunningham in an attempt to glean from them some affirmative departure from the court's expressed view in Strazza v. McKittrick, supra, and can find no such departure.
Alluding to its consideration of departing from Strazza in favor of Dillon, the court in Amodio stated, ". . . even were we inclined to adopt the approach taken in Dillon and the cases relying thereon, [the complaint . . . would nonetheless fail to state a cognizate cause of action]." Amodio v. Cunningham, supra, 92.
Similarly, in Maloney v. Conroy, the court reaffirmed its disinclination to follow Dillon when it stated ". . . we are not inclined to follow the lead of the California courts in allowing a bystander to recover for emotional disturbance resulting from malpractice . . ." Id. 397.
Continuing, the court reiterated its view that Strazza continues to be the law in Connecticut when it cited 2 Restatement (Second), Torts 313(2), comment d, that only fear of injury to oneself is recognized as actionable, and that one cannot recover for nervous shock from fear of injury to her child." Id. 399-400.
Lastly, the court concluded that whatever its previous dalliance with Dillon was, (at least in a medical malpractice case), the court should stand firm in its position as enunciated in Strazza. Id. 402.
Inasmuch as this court cannot find in any of the aforesaid opinions any inclination on the part of our Supreme Court to depart from the holding in Strazza, it must find that no such cause of action for bystander emotional distress exists in Connecticut. CT Page 3552
Accordingly the defendants' motions for summary judgment are granted.
FREED, J.