[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE FOURTH COUNT OF THE COMPLAINT
This is an action brought by Janet and Nathaniel Shipp, as CT Page 1871 co-administrators of the Estate of Nathaniel Wesley Shipp, their deceased infant son, and by Janet Shipp, individually, against the Norwalk Hospital and Avery Center for Obstetrics and Gynecology, P.C. The first and second counts of the complaint are against the Norwalk Hospital; the third and fourth counts of the complaint are against the co-defendant, Avery Center for Obstetrics and Gynecology, P.C.
The third count states a cause of action for the wrongful death of the infant child. In the fourth count, the plaintiff, Janet Shipp, individually, purports to state a cause of action for the negligent infliction of emotional distress while she was under the defendant's care and treatment.
The defendant, Avery Center for Obstetrics and Gynecology, P.C., has filed a motion to strike that fourth count on the basis that bystander recovery is not allowed in the context of a medical malpractice action under Connecticut law.
The plaintiff has filed memorandum in objection to the motion to strike contending that in this cause of action, which arose from the negligent care and treatment rendered to her by the defendant during her pregnancy, labor and delivery which resulted in the birth, injury to and death of her son, she is entitled to recover for her emotional distress.
The Connecticut Supreme Court in the case of Maloney v. Conroy, 208 Conn. 392, 933, 545 A.2d 1059 (1988) held "that a bystander to medical malpractice may not recover for emotional distress." The several cases cited by the Maloney court all prohibited recovery for emotional distress endured by one who observes the suffering or death of a family member.
The claim for bystander recovery usually occurs in a suit brought by a person (usually a parent, offspring or sibling) seeking to recover for emotional distress resulting from witnessing injury or death inflicted upon a family member by a negligent third party. See, Amodio v. Cunningham. 182 Conn. 80,438 A.2d 6 (1980) (action by a mother for physical, mental and emotional harm caused by witnessing the deterioration of her daughter's health and consequent death resulting from the defendant's malpractice); Strazza v. McKittrick, 146 Conn. 714,156 A.2d 149 (1959) (mother's nervous shock resulting from fear of injury to her child after a truck had run into a porch on which he mother, who had heard the crash from inside the house, had told the child to wait); Maloney, supra (daughter, observing the deterioration of her mother's health culminating in death due to the defendant's malpractice). These cases held that no duty was owed to the relative by the tortfeasor. However, none of the cases resolved by our Supreme Court have dealt with the CT Page 1872 claim here that there was a duty owed to the plaintiff mother arising out of the physician-patient relationship.
Several superior court decisions in Connecticut have recognized a distinction between cases in which a plaintiff seeks bystander recovery for emotional distress and those cases in which the plaintiff, a mother, seeks to recover for the negligent infliction of emotional distress arising out of the physician-patient relationship. See, for example, Michaud v. Johnson, 4 CSCR 720 (August 16, 1989, Schaller, J.); Dowie v. McCarthy, 2 CSCR 666 (May 28, 2987, Gill, J.); Santilli v. Kharma, 2, CSCR 446 (March 27, 1987, Healey, J); Britton v. Borelli, 7 CLT 25 (Super.Ct., June 5, 1981, Moraghan, J.); and Martinez v. Bridgeport Hospital, 1 CSCR 568 (July 22, 1986, Spear, J.)
In Britton, supra, the court stated that "[t]o infer that a mother is bystander at the birth of her infant manifests a basic misunderstanding of the duty owed a patient by a physician. In such a circumstance . . . there are two within the zone of danger and the doctor owes a duty to each . . .," quoting Howard v. Lecher, 42 N.Y.2d 109, 116 (Cooke, J. dissenting). The Britton court, at page 34, specifically stated that:
 [t]here was a duty owed to the plaintiff mother in this case. She is not a mere eye-witness or bystander to an injury caused by another but rather she was the one to whom a duty was directly owed by the obstetricians and the one who was directly injured by the physicians' breach of that duty . . . And certain it is that if she succeeds . . in proving that the injury to her infant child was caused by the defendants' negligent act or omissions during her labor, then anxiety and emotional distress, suffered by her as a natural consequence of those wrongful acts, should be compensable as an element of damages under ordinary principles or negligence.
See also, Starr v. Merdinolu, 2 CtLR 564 (December 3, 1990, Cioffi, J). It is clear that physicians owe a duty of reasonable care to their patients. Shenfield v. Greenwich Hospital Association, 10 Conn. App. 239, 248, 522 A.2d 829 (1987).
 II.
To recover for a claim of unintentional infliction of emotional distress, the plaintiff has the burden of "pleading and establishing that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result CT Page 1873 in illness or bodily injury." Morris v. Hartford Courant Co.,200 Conn. 676, 683, 513 A.2d 66 (1986), quoting Montinieri v. Southern New England Telephone Co., 175 Conn. 337, 345,398 A.2d 1180 (1978).
In the fourth count the plaintiff alleges that the defendant undertook the care, treatment and supervision of the infant plaintiff's mother and the infant plaintiff in-utero during pregnancy, labor, delivery, post-partum and post-natal care. During this time, the plaintiff alleges that "she observed the negligence of the defendant Avery and/or its servants, agents and/or employees." Among the allegations of negligence is that defendant Avery "failed to adequately and properly care for, treat and supervise the infant plaintiff's mother."
In meeting the Montinieri requirement, the plaintiff further alleges that the defendant Avery "knew or should have known that their conduct was likely to cause severe physiological, psychological and emotional distress to" her, the mother of the deceased infant. The plaintiff alleges that as result, she suffered and continues to suffer from emotional distress.
 III.
Because the basis of the defendant's motion to strike is the claim that the plaintiff seeks recovery "solely upon the alleged negligence of the defendant as to the plaintiff-infant," the motion must be denied. The plaintiff mother has sufficiently alleged that the defendant physicians owed a duty of care to her as a patient, which duty was breached. The plaintiff has sufficiently alleged facts which, if proven, would support a claim for emotional distress.
The motion to strike the fourth count of the complaint is denied.
Nigro, J.