[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION TO STRIKE
Defendant now moves to strike the second count of the plaintiffs' complaint, dated October 1, 1991, for the reason that "Connecticut law does not recognize a cause of action for bystander emotional distress. Strazza v. McKittrick, 146 Conn. 714.
In the first count, the plaintiff Chantel Carter alleges that plaintiff was injured when she fell into the unprotected spoke or chain mechanism of an exercise bicycle that was located in the residence of the defendant Russell Shaw. As a result of the incident the plaintiff Chantel Carter suffered the traumatic amputation of a portion of her left finger.
In the second count, the plaintiff Roosevelt Hilliard alleges that he was, by marriage, the uncle of the plaintiff Chantel Carter and that he has suffered severe anxiety and depression and mental and emotional distress and anguish as a result of witnessing his niece's injuries subsequent to the accident, and further as a result of bearing the responsibility thereafter of cleaning and dressing the child's wound twice daily.[1]
The function of the motion to strike is to test the legal sufficiency of a pleading. Practice Book 152: Ferryman v. Groton. 212 Conn. 138, 142. A motion to strike admits all facts well pleaded, but does not admit the truth or accuracy of opinions or legal conclusions stated in the pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 108. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint, and those facts must be construed in the manner most favorable to the plaintiff. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170; Meredith v. Police Commission, 182 Conn. 138, 140. If facts provable under the allegations would support a defense or cause of action, the motion to strike must be denied. Ferryman v. Groton, supra, 142.
In the case of Strazza v. McKittrick, supra, the Supreme Court of our state initially addressed the viability of a claim for bystander recovery for emotional distress. In Strazza, the plaintiff was on the second floor of her house when she heard and felt the crash of the defendant's truck into the first floor rear porch. Id., 716, 718. The plaintiff thought that her young son was on the porch at the time of the crash, and accordingly she alleged, inter alia, that she suffered nervous shock due to her fear that her son had been injured. Id., 717. Her son was not on the porch at the time of the crash and was not injured. Id. The trial court rendered judgment for the plaintiff. The defendants appealed to the state Supreme Court. CT Page 9719
In Strazza the court held that there could be no recovery "for injuries occasioned by fear of threatened harm or injury to the person or property of another." Id., 719. The court reasoned that "[s]uch injuries are too remote in the chain of causation to permit recovery." The rule articulated by the Strazza court is unambiguous: "Even where a plaintiff has suffered physical injury in the accident, there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another." Strazza v. McKittrick, supra, 719.
It was not until 1980, in Amodio v. Cunningham, 182 Conn. 80
that the Supreme Court once again addressed the issue of bystander recovery. Amodio involved a medical malpractice action wherein the trial court granted the defendant's motion to strike the second count of the plaintiff's complaint, on the ground that it failed to state a cause of action that was cognizable in Connecticut. Id., 82. The plaintiff had alleged in that count that she suffered physical mental and emotional harm caused by witnessing the death of her daughter due to the negligent conduct of the defendant. Id., 81-82, 83-84.
In its opinion, the Amodio court noted that there was a growing trend among other jurisdictions to recognize a cause of action for bystander recovery for emotional distress, and that this trend had its genesis in the case of Dillon v. Legg, 68 Cal.2d 728,69 Cal.Rptr. 72, 441 P.2d 912 (1968).
After considering the recent trend and the Dillon case, the Amodio court declined to adopt Dillon and thereupon upheld the trial court. The court in Amodio further noted that the Dillon requirements were not satisfied by the facts of the particular case before it. Amodio, 92-93.
 It is clear. . . that even if we were inclined to adopt the approach taken in Dillon and the cases relying thereon, the complaint in the present case would nonetheless fail to state a cognizable cause of action. . . . [because] the allegations of the complaint indicate that the injuries suffered by the plaintiff's child became manifest a considerable period of time after the alleged negligence of the defendant occurred.
(Emphasis added). Id.
In Amodio the court did not overrule Strazza nor recognize a cause of action for bystander recovery.
The state Supreme Court did not again address the issue of CT Page 9720 bystander recovery for emotional distress until 1988, in Maloney v. Conroy, 208 Conn. 392. In Maloney, the plaintiff daughter sought recovery for the negligent infliction of emotional distress as the result of being present at her mother's bedside and watching her mother's health deteriorate, due to the negligence of the defendants. Id., 393-394. The trial court granted the defendants' motion to strike the plaintiff's complaint. Id., 393.
As in Amodio, the plaintiff in Maloney did not allege or claim any contemporaneous sensory perception of the negligent conduct of the defendants, and therefore failed to satisfy the Dillon requirements. Maloney v. Conroy, supra, 396-397. The plaintiff in Maloney sought an expansion of the Dillon requirements in accordance with a more recent California case, Ochoa v. Superior Court, 39 Cal.3d 159, 216 Cal.Rptr. 661,703 P.2d 1 (1985).
In Maloney the court declined to expand the reasoning of the Amodio court, and upheld the trial court; it held that, regardless of whether the Dillon factors were satisfied, a bystander to medical malpractice could not recover for emotional distress: "Whatever may be the situation in other contexts where bystander emotional disturbance claims arise, we are convinced that, with respect to such claims arising from malpractice. . . we should return to the position we articulated in Strazza. . . ." (Citation omitted.) (Emphasis added.) Maloney v. Conroy, supra, 402. "We are not inclined to resume our dalliance with the Dillon guidelines that we held not to be satisfied when we disposed of the malpractice emotional disturbance claim in Amodio. . . ." Id.
Based upon the holdings in Strazza, Amodio and Maloney, the allegations of the second count do not allege facts to support a cause of action because there can be no recovery for emotional distress suffered by a bystander.
Accordingly the motion to strike is granted.
Ronald J. Fracasse, Judge.
FOOTNOTES