[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Motion to Strike the Second Count of the complaint arises CT Page 2570 out of claimed personal injuries sustained by the plaintiff husband and alleged to have occurred as a result of a negligence by the defendant which caused the husband to fall down an entire set of stairs and strike the cement landing below. In the Second Count of the complaint the plaintiff, Betsy M. Hooper Catalano, claims to have sustained extreme emotional distress caused by seeing her husband violently fall striking his body against the steps below and her inability to arouse him after the fall and by witnessing him lying, unmoving, on the ground.
The defendant has moved to strike the Second Count of the complaint on the grounds that it fails to allege a recognizable claim for bystander emotional distress.
The issue of recovery for bystander emotional distress has been heard by our Supreme Court on three occasions, to wit; Strazza v. McKittrick, 146 Conn. 714 (1959); Amodio v. Cunningham,182 Conn. 80 (1980); and Maloney v. Conroy 208 Conn. 392 (1988). In Strazza, supra, the court held that a mother could not recover for emotional distress resulting from the fear of injury to her child after a truck had run into the porch on which the mother, who heard the crash from inside the house, had told the child to wait. The court relied upon the view prevailing generally at that time that one could not recover for "for injuries occasioned by fear of threatened harm or injury to the person or property of another." See Maloney, supra at 394-395.
In Strazza, supra, the court was not presented with the factual situation in which a direct emotional impact upon the plaintiff resulted from the sensory and contemporaneous observance of the accident. See Dillon v. Legg, 68 Cal.2d 728, 441 P.2d 912
(1968). Since 1959, when Strazza was decided, there has been considerable litigation concerning recovery for bystander emotional distress which has produced varied resolutions of the issue. See Annot. 29 A.L.R.3d 1337 (1970). In Amodio, supra at 87, our Supreme Court noted that a growing number of jurisdictions have recently recognized a cause of action for emotional distress in favor of a bystander. In Amodio and Maloney, supra, our Supreme Court has declined to extend bystander emotional liability to malpractice cases, but the court has not indicated that there can be no recovery for bystander emotional distress under any factual pattern. The Court, therefore, does not feel bound by the decision in Strazza, supra, and interprets Amodio and Maloney as being limited in their application to medical malpractice actions.
The decisions of our Superior Courts are conflicting as to recovery for bystander emotional distress when the underlying cause CT Page 2571 of action is not based upon claims of medical malpractice. Our Supreme Court has noted that most of the courts and commentators that have considered the matter have recognized the necessity of imposing arbitrary limitations that are not imposed in other actions on the right of a bystander to recover for emotional distress. Maloney, supra at 400-401. See, e.g. Thing v. LaChusa,48 Cal.3d 644, 771 P.2d 814, 829 (1989) where the court set forth the elements of a bystander emotional distress claim as involving a plaintiff who is closely related to the injured victim and who suffers serious emotional distress as a result of being present at the scene of an injury producing event.
In ruling upon a motion to strike, the court must construe the facts in the complaint most favorably to the plaintiff. Gordon v. Bridgeport Housing Authority 208 Conn. 161, 170 (1988). The Court rules that the evidence admissible under the allegations contained in the complaint are sufficient to establish a cause of action for bystander emotional distress.
Accordingly, the Motion to Strike is denied.
RUSH, JUDGE