An action was brought to recover damages for personal injuries sustained by Anthony Volosin, now deceased, as a result of being exposed to toxic fumes while shopping at a store operated by a defendant. The claim is made that an epoxy-based floor sealant, a toxic substance, was being applied to the floor of a storage room. The air conditioning system was operating thereby enabling the toxic fumes to be circulated throughout the store. Suit has been brought against the operator of the store; the contractor applying the sealant and the manufacturer of the sealant.
The Seventh and Eighth Counts assert a claim on behalf of Lenora Volosin, the wife of Anthony Volosin, asserting that her husband became extremely ill with chest pains; that the emergency personnel responding to the scene believed the defendant was having a heart attack and therefore transported him by ambulance to a hospital; that in consequence of seeing her husband collapse she suffered severe emotional distress and anxiety including fear that her husband was succumbing to a fatal heart attack; and that when she witnessed her husband's emergency room treatment in the cardiac care unit of the hospital, she likewise experienced extreme emotional distress and anxiety including a fear that her husband's death was imminent. The owner of the store and the contractor applying the sealant have now moved to strike the Seventh and Eighth Counts of the complaint, which purport to set forth a cause of action for bystander emotional distress, on the grounds that the allegations made therein do not set forth a cause of action recognized in this state.
In two prior cases, the court has declined to strike the claims of bystander emotional distress in view of the allegations made in those cases. See Estate of Mosely v. Vasquez,6 Conn. L. Reptr. No. 5138 (April 6, 1992 (Rush, J.)); Catalano v. Silver Ridge Condominium Association Inc., [7 CSCR 427]6 Conn. L. Reptr. No. 6179 (April 13, 1992) (Rush, J.). In those cases, the court reviewed the three cases decided by our Supreme Court with respect to bystander liability to wit: Strazza v. McKittrick, 146 Conn. 714 (1959); Amodio v. Cunningham, 182 Conn. 80 (1980); Maloney v. Conroy, 208 Conn. 392 (1988). Because of the factual CT Page 5577 pattern set forth in the Strazza case, the court does not feel bound by that decision and the court interprets Amodio and Maloney as being limited in their application to medical malpractice actions.
Our Supreme Court has also noted that most courts have the necessity of imposing arbitrary restrictions upon bystander liability cases that are not imposed in other actions. Maloney, supra at 400-401. The nature of any limitations that might be imposed by our Appellate Courts are unknown. Our courts may limit the application of bystander liability to those situations in which the conduct of the defendant may be observed such as the negligent operation of a motor vehicle. See Estate of Mosely, supra. Our courts may also include situations where only the effects of negligent conduct may be observed. See Catalano, supra. It is also possible that an Appellate Court may impose additional restrictions on such a cause of action or may decide that such a cause of action is not recognized in Connecticut.
In the present case, the plaintiff claims that there was an attempt to warn the owner of the store that toxic fumes had been detected. The plaintiff also claims that shortly after exposure to the toxic fumes, Anthony Volosin collapsed and was immediately taken to the hospital. The court believes it is more appropriate to hold that the allegations of the complaint may state a cause of action for bystander liability.
Accordingly, the Motion to Strike the Seventh and Eighth Counts of the complaint is hereby denied.