[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #106
This action arises out of an automobile accident which took place on February 13, 1992. The plaintiffs, James and Karen Condron, allege in their five count complaint that defendant Patricia Pollack struck their son Michael with an automobile owned by defendant John Pollack while she was backing out of the Condron's driveway, injuring Michael severely and causing his death. Count two is brought by Karen Condron, as the decedent's mother, for bystander emotional distress. Counts three and four are brought by Karen Condron as parent and next friend to Gregory and Sean Condron, the decedent's brothers, for bystander emotional distress. Count five is brought by James and Karen Condron, as parents, for loss of filial consortium.
The defendants filed the instant motion to strike counts two through five, dated May 21, 1993, on the grounds that Connecticut does not recognize a cause of action for bystander emotional distress or for loss of filial consortium. On August 4, 1993, plaintiffs filed a timely memorandum in opposition.
This court recently addressed the issue of bystander liability, and while noting the split of authority in the Superior Court, concluded that in the absence of an Appellate or a Supreme Court ruling to the contrary, the rule of Dillon v. Legg, 68 Cal.2d 728,441 P.2d 912, 69 Cal.Rptr. 72 (1968) may be considered in determining whether a plaintiff has stated a legally sufficient claim for bystander emotional distress. Diaz v. Camacho, 10 CTLR CT Page 9430 34, 35 (October 18, 1993, Ballen, J.). The court noted that there are two Supreme Court decisions which have addressed Strazza v. McKittrick, 146 Conn. 714, 156 A.2d 149 (1959), the case which held that "a plaintiff mother could not recover for emotional distress caused by the `fear of threatened harm or injury to the person or property of another.'" Id., 34, quoting Strazza v. McKittrick, supra, 719. These two cases, Amodio v. Cunningham, 182 Conn. 80,438 A.2d 5 (1980) and Maloney v. Conroy, 208 Conn. 392,545 A.2d 1059 (1988) did not address the issue of "whether a claim for emotional distress exists when a plaintiff contemporaneously observes his or her family member sustain sudden and immediate injuries due to a defendant's negligent operation of a motor vehicle." Diaz v. Camacho, supra. Rather, Amodio and Maloney both involved claims of emotional distress due to a plaintiff's observance of allegedly negligent medical treatment over a long course of time. Id. Under the rule first set out in Dillon, supra, to state a legally sufficient claim for bystander emotional distress, a plaintiff must allege: that he or she is closely related to the victim; that he or she is present at the scene of the injury-producing event at the time it occurs and is then aware that it is causing injury to the victim; and that he or she suffers serious emotional distress, beyond that which would be anticipated in a disinterested witness. Id., quoting Thing v. LaChusa, 48 Cal.3d 644,771 P.2d 814, 257 Cal.Rptr. 865 (1989).
In counts two, three and four, the plaintiffs allege that they are closely related to the decedent and that they suffered serious emotional distress beyond that of a disinterested witness as a result of the accident. However, only in count three is it alleged that the particular individual, Gregory Condron, was present and witnessed the accident. In counts two and four, the plaintiffs allege that Karen Condron and Sean Condron "witnessed Michael Condron's injuries immediately after the accident. . ." (plaintiff's complaint, pp. 5 8). Counts two and four are not legally sufficient in that they do not allege the second required element, that Karen and Sean Condron were present at the scene of the accident and witnessed the injury producing event as it injured the decedent.
In Connecticut, "[n]o appellate [or supreme] court case has yet addressed squarely the issue of whether, under any circumstances, a cause of action for the loss of filial consortium lies." Mahoney v. Lensink, 17 Conn. App. 130, 141 n. 7,550 A.2d 1088 (1988), rev'd. on other grounds, 213 Conn. 548, 569 A.2d 518
(1990). However, the Appellate Court did say that "[t]he right to CT Page 9431 consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship. " Id., 141.
There is a split in the Superior Court regarding the issue of filial consortium. In 1993 alone, there are at least eight reported decisions. The majority of these decisions involve children attempting to bring a loss of consortium claim following injury to a parent, and the courts have held that no such cause of action exists in Connecticut. See Gridley v. Sunshine Oil, 10 CTLR 20 (August 24, 1993, McDonald, J.); Lesco v. Royal Glass, 9 CTLR 427 (July 22, 1993); Bachanlal v. Tindoy, 8 CTLR 606 (May 10, 1993, Booth, J.); Giatrelis v. Krauss, 8 CTLR 560 (May 3, 1993, Hadden, J.); Toscano v. Sinsteden, 8 CTLR 465 (April 5, 1993, Wagner, J.); Williams v. Picard, 8 CTLR 173 (January 7, 1993, Teller, J.); but see Sliney v. Denisanko, 9 CTLR (August 6, 1003, Gordon, J.) (claim by parent based on filial consortium cognizable in Connecticut; Beckwith v. Akus, 8 CTLR 487 (March 16, 1993, Hurley, J.) (child may bring claim for loss of consortium following injuries to parent).
In Sliney v. Denisanko, supra, the only above case which involves a claim by a parent rather than a child, is a well reasoned decision which discusses how other jurisdictions treat filial loss of consortium claims, the history of loss of consortium claims in Connecticut, and the Superior Court decisions which have rejected parental claims. The court found that a parental claim is cognizable, and the reasoning of Sliney applies to the instant case, which also involves a parental claim.
The defendants' motion to strike is granted as to counts two and four and denied as to counts three and five.
DEAN, J. CT Page 9432
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 9433