ANGELINE STRAZZA ET AL. *v.* RICHARD McKITTRICK ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued October 8—decided November 17, 1959

*Frank DeNezzo,* for the appellants (defendants).

*William R. Davis,* with whom was *Joseph C. Linnon,* for the appellee (named plaintiff).

SHEA, J. The defendants have appealed from a judgment awarding damages to the named plaintiff for injuries alleged to have been sustained by her when a truck owned by the defendant Century Cor-

rugated and Paper Supply Company, Inc., was driven against the porch of the plaintiffs' dwelling house. The defendants seek certain corrections in the finding and have also attacked the conclusion of the trial court that the named plaintiff, hereinafter called the plaintiff, was entitled to recover damages for personal injuries resulting from fright or nervous shock.

The finding, with such corrections as are warranted, discloses the following facts: The plaintiff and her husband, the other plaintiff, were joint owners of property on Woodbridge Street in New London. They occupied the second floor of a wooden house on the premises. On February 14, 1956, a truck owned by the defendant corporation and driven by the named defendant as its authorized agent struck the rear porch of the house with such force that the steps and porch were completely demolished. At the time, the plaintiff was carrying dishes to the sink in her kitchen, which was located two rooms away from the back of the house. When the truck struck, there was a terrific crash. The impact shook the house, causing the plaintiff to drop the dishes, lose her balance, and lean against the sink. Some of the dishes crashed to the floor; others were thrown from the kitchen cabinet. The plaintiff screamed with fright and became hysterical, thinking of disaster by earthquake. For a number of years previously, she had been under medical care for a nervous condition. She had, however, not seen a doctor for five or six months prior to the accident and was in good health at the time. Shortly before the accident, she had directed her seven-year-old son to sit on the porch and wait for her. She was within the range of ordinary physical danger from the force of the collision but suffered no consequential

physical injury. Sometime after the impact, her husband inquired about the boy, and the plaintiff, thinking that the boy had been on the porch, became fearful that he had been injured. This fear aroused a new anxiety. Later on, the child returned to the house, unharmed. The plaintiff was treated by physicians for a nervous condition resulting from the fear of injury to her child, and bills for this treatment and attention were incurred by her. The history given by her to each of her doctors recited her anxiety from fear of injury to her child but said nothing concerning any fear of injury to herself. For some time after the accident the plaintiff was apprehensive when she heard the sound of heavy motor vehicles.

Upon these facts, the trial court concluded that the plaintiff was herself in the zone of danger of physical injury from acts of negligence of the defendants and that she suffered injuries contemporaneously with the crash of the truck against the house. The court awarded damages for personal injuries resulting from fright or nervous shock; they included medical expenses for treatment.

The defendants contend that the conclusions of the court are unsupported by the evidence and the law which controls the right to recover for nervous shock. To support her right to recover, the plaintiff relies upon *Orlo* v. *Connecticut Co.,* 128 Conn. 231, 239, 21 A.2d 402, where we held that "where it is proven that negligence proximately caused fright or shock in one who is within the range of ordinary physical danger from that negligence, and this in turn produced injuries such as would be elements of damage had a bodily injury been suffered, the injured party is entitled to recover." Before that decision, the cases where we had occasion to con-

sider recovery for the results of fright or nervous shock fell within the class of cases where the plaintiff was able to prove a contemporaneous injury of a traumatic nature, however slight. *Block* v. *Pascucci,* 111 Conn. 58, 61, 149 A. 210; *Israel* v. *Ulrich,* 114 Conn. 599, 601, 159 A. 634; *Mitnick* v. *Whalen Bros., Inc.,* 115 Conn. 650, 651, 163 A. 414. But recovery for the results of fright or nervous shock is now permitted when the plaintiff sustains the burden of proving the facts essential to bring him within the rule of the *Orlo* case, supra.

First of all, a plaintiff must show that the defendant's negligence proximately caused fright or shock in one who was within the range of ordinary danger. In the present case, at the time of the accident the plaintiff was in her kitchen on the second floor, only a short distance away from the porch which was demolished by the force of the impact. There was a terrific crash which shook the house and caused her to lean against the sink. Under these circumstances, it was well within the realm of reasonable foreseeability that the plaintiff, situated where she was, would be likely to suffer harm as a result of the defendants' negligence. *Mitnick* v. *Whalen Bros., Inc.,* supra. Consequently, the court was justified in finding that she was within the range of ordinary danger.

The injuries from fright or shock for which the plaintiff, having been within the range of ordinary danger, may recover damages are, however, limited to those which would constitute proper elements of damage had she suffered a bodily injury. *Orlo* v. *Connecticut Co.,* supra. The plaintiff sustained no consequential physical injury. She did suffer a fright or shock which was caused by fear of injury to herself. For harm of this nature she is entitled

to recover damages, although it does not appear that she sought or obtained medical attention because of it. But she cannot recover for injuries occasioned by fear of threatened harm or injury to the person or property of another. *Dulieu* v. *White & Sons,* [1901] 2 K.B. 669, 675; *Sanderson* v. *Northern Pac. Ry. Co.,* 88 Minn. 162, 166, 92 N.W. 542; *Mahoney* v. *Dankwart,* 108 Iowa 321, 325, 79 N.W. 134; *McGee* v. *Vanover,* 148 Ky. 737, 740, 147 S.W. 742; *Bucknam* v. *Great Northern R. Co.,* 76 Minn. 373, 376, 79 N.W. 98; *Cleveland, C., C. & St. L. Ry. Co.* v. *Stewart,* 24 Ind. App. 374, 381, 56 N.E. 917; *Southern Ry. Co.* v. *Jackson,* 146 Ga. 243, 91 S.E. 28; note, 23 A.L.R. 361, 371, and cases cited. Such injuries are too remote in the chain of causation to permit recovery. *St. Martin* v. *New York, N.H. & H.R. Co.,* 89 Conn. 405, 408, 94 A. 279; *Kowalski* v. *New York, N.H. & H.R. Co.,* 116 Conn. 229, 235, 164 A. 653. Even where a plaintiff has suffered physical injury in the accident, there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another. Note, 18 A.L.R.2d 220, 224, 234; 38 Am. Jur. 660, § 18; 67 C.J.S. 761, § 55.

In the instant case, the plaintiff was frightened by the crash and thought of disaster by earthquake. Later on, when her attention was directed to her son and his whereabouts, she feared for his safety, and her emotional distress concerning his welfare was related by her to her physicians. The court found that she suffered a fright and became hysterical at the time of the collision. To the extent that these injuries resulted from fear of injury to herself, she is entitled to recover damages for them, but she cannot recover for nervous shock resulting from fear of injury to her child.

There is error in part; the judgment is affirmed except as to the amount of damages awarded and a new trial is ordered limited to that issue.[1]

In this opinion the other judges concurred.

---

[1] In a second count, the plaintiffs sought to recover for damage to the property which was owned by them jointly. The defendants confessed judgment under this count for a specified sum. The judgment file should be corrected so that this sum will be awarded to both plaintiffs.