[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case arises out of an auto accident occurring on May 12, CT Page 3111 1987. The complaint was dated April 28, 1989. An amended complaint was filed on February 15, 1990.
In the Amended Complaint, Hope LeMoine states that on May 12, 1987, at approximately 10:20 P.M., she was walking across a street with her sister when she noticed a speeding vehicle heading towards her. She was brushed by the speeding vehicle which subsequently struck and killed her sister, Sandra LeMoine. Hope LeMoine heard the thump of the vehicle striking her sister and saw her sister fly through the air and crash to the ground approximately 100 feet away. The vehicle was driven by the defendant, Joseph Soboleski, who was speeding and disregarded an overhead caution light at the intersection, among other negligent acts, where Hope LeMoine and Sandra LeMoine were walking. The defendant then fled the scene without attempting to render assistance.
On February 7, 1990, the defendant, Joseph Soboleski, moved to strike Hope LeMoine's complaint. On July 10, 1990, a "Renewed Motion to Strike" was filed by the defendant, Joseph Soboleski, seeking to strike both counts of Hope LeMoine's Amended Complaint. The thrust of the motion to strike is that Connecticut does not allow a bystander to recover damages for emotional distress caused by the witnessing of an accident to another, and if recovery is allowed, the plaintiff has failed to allege sufficient facts to support this cause of action, and finally with respect to the second count, alleging willful and wanton misconduct, that this court is barred by the Statute of Limitations.
The plaintiff's claim that Connecticut does not allow this cause of action is incorrect. The cases cited by the plaintiff, Strazza v. McKittrick, 146 Conn. 714, 156 A.2d 149 (1959); Amodio v. Cunningham, 182 Conn. 80, 483 A.2d 6 (1980): and Maloney v. Conroy, 208 Conn. 392, 545 A.2d 1059 (1984), do not lead this court to that conclusion. The Strazza case is not controlling because it dealt with fear of threatened harm or injury. Amodio v. Cunnington, supra, is a medical malpractice case and does not bar this cause of action but merely states that the facts of that case do not meet the test for recovery recited in Dillon v. Legg,68 Cal.2d 728, 441 P.2d 912 (1968). Maloney v. Conroy, supra, also a medical malpractice case, is limited for policy reasons to medical malpractice emotional disturbance claims.
In the absence of any definitive rulings on this issue, this court finds that the cause of action is allowed in Connecticut. This court adopts the reasoning set forth in Buynovsky v. Ford Motor Company, 1 Ct. LR 207 (May 21, 1990) (Maiocco, J.). The cause of action must satisfy the test set out in Dillon v. Legg, supra, as modified by Thing v. LaChusa, 771 P.2d 814 (Cal. 1989). CT Page 3112
The strict test set out in Thing v. LaChusa, supra, enumerates a number of elements necessary to recovery:
 "a plaintiff may recover damages for emotional distress caused by observing the negligently inflicted injury of a third person if, but only if, said plaintiff: (1) is closely related to the injury victim; (2) is present at the scene of the injury producing event at the time it occurs and is then aware that it is causing injury to the victim; and (3) as a result suffers serious emotional distress — a reaction beyond that which would be anticipated in a disinterested witness and which is not an abnormal response to the circumstances." Id. at 829-830.
The allegation set forth in the complaint, if proven, would permit the trier of facts to determine that the plaintiff satisfies the Dillon criteria modified by Thing, and thereby suffers emotional distress. The defendant's contention that the plaintiff did not witness the actual contact of the car with the victim and that no close relationship existed between the plaintiff and the victim are totally without merit.
Lastly, the defendant's final argument, in his attempt to strike the second count of the complaint, also fails. This count is an amplification in what was originally alleged. This count is not a new cause of action. This amplification and clarification is not barred by the Statute of Limitations. Sharp v. Mitchell,209 Conn. 59, 546 A.2d 846 (1988).
The Motion to Strike is denied in its entirety.
Thomas V. O'Keefe, Judge