[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This matter comes before the Court on defendant's motion for summary judgment.
Normally, the issue of whether or not Connecticut courts should recognize a claim of bystander emotional distress is addressed by a motion to strike. There are material facts in dispute and, therefore, if this Court were to find that a cause of action for emotional distress is recognized in Connecticut, defendant's motion should be denied.
The Court will treat this matter in the same manner as if it were a motion to strike in an effort to effect judicial economy.
Our Supreme Court in 1959 held that a plaintiff ". . .cannot recover for injuries occasioned by of threatened harm or injury to the person or property of another. Such injuries are too remote in the chain of causation to permit recovery." Strazza v. McKittrick, 146 Conn. 714, 719 (1959). The court said that there could be no recovery for a nervous condition of a parent resulting from fear of injury to such parent's child. In the Strazza case, however, no injury had in fact been inflicted on the child.
In 1980, our Supreme Court addressed the issues involved in determining whether a plaintiff's parent has a cognizable cause of action for injuries relating to emotional distress or shock where the parent was not the target of the CT Page 696 defendant's negligence, but an observer of it. Amodio v. Cunningham, 182 Conn. 80 (1980). It traced the history of such cases with particular reference to the case of Dillon v. Legg,68 Cal.2d 728, 441 P.2d 912. The Dillon case held that where emotional shock results in physical injury to a bystander, recovery may be had if defendant owed him a duty of due care, or conversely, should have reasonably foreseen the injuries to him. In determining whether the injury was foreseeable, the Dillon court established that the following three factors were paramount:
 1. Whether plaintiff bystander was located near the accident.
 2. Whether the shock resulted from a direct emotional impact upon plaintiff bystander from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence.
 3. Whether plaintiff bystander and the victim were closely related.
Our court distinguished Dillon from Amodio (supra). The rationale of Dillon, according to the Amodio ruling, is that the observation or perception of the accident must co-exist in time and space with the bystander's emotional injury. The Amodio facts did not fit this rule since the emotional trauma arose as much as a week after the accident. Therefore, a cognizable cause of action did not exist in Amodio.
In Amodio, the court did not overrule Strazza or recognize a cause of action for bystander recovery.
The last time our Supreme Court addressed the issue of bystander recovery was in the case of Maloney v. Conroy,208 Conn. 392 (1988). The plaintiff in the Maloney case did not allege contemporaneous sensory perception necessary to satisfy the Dillon test. The court declined to expand the reasoning of the Amodio court. It stated at page 204 that "we are not inclined to resume our dalliance with the Dillon guidelines that we held not to be satisfied when we disposed of the emotional disturbance claim in Amodio. . ."
Since the plaintiff's claims are based solely on a claim for bystander emotional distress, and since our court has failed to recognize such a claim, the motion for summary CT Page 697 judgment is granted.
MIHALAKOS, JUDGE