[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants in the above entitled matter have moved to strike the Third and Fourth counts of the Revised Complaint on the grounds that the allegations therein contained fail to sufficiently plead a claim for bystander recovery for emotional harm. The cause of action arises out of allegations that a vehicle owned by the defendant, (Norwalk Hospital), and operated by the defendant (Vasquez) collided with a vehicle in which the plaintiff Linda Williams and her son, Andre Williams were passengers. The First and Second counts of the complaint are brought by Linda Williams, as administratrix of her son Andre Williams, and allege that Andre Williams received personal injuries resulting in his death caused by the negligence and recklessness of the defendants. The Fifth and Sixth counts of the complaint allege that Linda Williams received personal injuries in the same accident as a result of the negligence and recklessness of the defendants. The Third and Fourth counts of the Revised Complaint, to which the motion to strike is CT Page 1232 addressed, allege that Linda Williams suffered pain, mental anguish and emotional harm, and incurred expenses therefore, "from witnessing, as a passenger in a car that was struck, the crash that caused the severe personal injuries to her son and from which he died."
The issue of recovery for bystander emotional distress has been heard by our Supreme Court on three occasions, to wit; Strazza v. McKittrick, 146 Conn. 714 (1959); Amodio v. Cunningham, 182 Conn. 80 (1980); and Maloney v. Conroy 208 Conn. 392
(1988). In Strazza, supra, the court held that a mother could not recover for emotional distress resulting from the fear of injury to her child after a truck had run into the porch on which the mother, who heard the crash from inside the house, had told the child to wait. The court relied upon the view prevailing generally at that time that one could not recover for "for injuries occasioned by fear of threatened harm or injury to the person or property of another." See Maloney, supra at 394-395.
In Strazza, supra, the court was not presented with a factual situation in which a direct emotional impact upon the plaintiff resulted from the sensory and contemporaneous observance of the accident. See Dillon v. Legg, 68 Cal.2d 728, 441 P.2d 912
(1968). Since 1959, when Strazza was decided, there has been considerable litigation concerning recovery for bystander emotional distress which have produced varied resolutions of the issue. See Annot. 29 A.L.R.3d 1337 (1970). In Amodio, supra at 87, our Supreme Court noted that a growing number of jurisdictions have recently recognized a cause of action for emotional distress in favor of a bystander. In Amodio and Maloney, supra, our Supreme Court has declined to extend bystander emotional liability to malpractice cases, but the Court has not indicated that there can be no recovery for bystander emotional distress under any factual pattern. The Court, therefore, does not feel bound by the decision in Strazza, supra, and interprets Amodio and Maloney being limited in their application to medical malpractice actions.
The decisions of our Superior Courts are conflicting as to recovery for bystander emotional distress when the underlying cause of action is not based upon claims of medical malpractice. Our Supreme Court has noted that most of the courts and commentators that have considered the matter have recognized the necessity of imposing arbitrary limitations that are not imposed in other actions on the right of a bystander to recover for emotional distress. Maloney, supra at 400-401. See, e.g. Thing v. LaChusa, 48 Cal.3d 644, 771 P.2d 814, 829 (1989) where the court set forth the elements of a bystander emotional distress claim as involving a plaintiff who is closely related to the injured victim and who suffers serious emotional distress CT Page 1233 as a result of being present at the scene of an injury producing event.
In ruling upon a motion to strike, the court must construe the facts in the complaint most favorably to the plaintiff. Gordon v. Bridgeport Housing Authority 208 Conn. 161, 170 (1988). The court rules that the evidence admissible under the allegations contained in the complaint are sufficient to establish a cause of action for bystander emotional distress.
Accordingly, the motion to strike is denied.
RUSH, J.