[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant in the above entitled matter has moved to strike the Second count of the complaint on the ground that the allegations fail to state a claim upon in which relief can be granted inasmuch as Connecticut does not recognize a claim for bystander emotional distress. The complaint alleges that the plaintiff Jean Roe, and her husband Alexander, were at their home when a gas explosion occurred causing Alexander Roe to be engulfed CT Page 1859 in flames severely injuring him and ultimately causing his death. The plaintiff, Jean Roe claims to have witnessed her husband being hurled violently through the air as a result of the explosion and further claims to have endured great mental pain, suffering and distress as result of the incident.
The issue of recovery for bystander emotional distress has been heard by Our Supreme Court on three occasions, to wit; Strazza v. McKittrick, 146 Conn. 714 (1959); Amodio v. Cunningham, 182 Conn. 80
(1980); and Maloney v. Conroy 208 Conn. 392 (1988). In Strazza, supra, the court held that a mother could not recover for emotional distress resulting from the fear of injury to her child after a truck had run into the porch on which the mother, who heard the crash from inside the house, had told the child to wait. The court relied upon the view prevailing generally at that time that one could not recover for "for injuries occasioned by fear of threatened harm or injury to the person or property of another." See Maloney, supra at 394-395.
In Strazza, supra, the court was not presented with the factual situation in which a direct emotional impact upon the plaintiff resulted from the sensory and contemporaneous observance of the accident. See Dillon v. Legg, 68 Cal.2d 728, 441 P.2d 912
(1968). Since 1959, when Strazza was decided, there has been considerable litigation concerning recovery for bystander emotional distress which has produced varied resolutions of the issue. See Annot. 29 A.L.R.3d 1337 (1970). In Amodio, supra at 87, our Supreme Court noted that a growing number of jurisdictions have recently recognized a cause of action for emotional distress in favor of a bystander. In Amodio and Maloney, supra, our Supreme Court has declined to extend bystander emotional liability to malpractice cases, but the court has not indicated that there can be no recovery for bystander emotional distress under any factual pattern. The Court, therefore, does not feel bound by the decision in Strazza, supra, and interprets Amodio and Maloney being limited in their application to medical malpractice actions.
The decisions of our Superior Courts are conflicting as to recovery for bystander emotional distress when the underlying cause of action is not based upon claims of medical malpractice. Our Supreme Court has noted that most of the courts and commentators that have considered the matter have recognized the necessity of imposing arbitrary limitations that are not imposed in other actions on the right of a bystander to recover for emotional distress. Maloney, supra at 400-401. See, e.g. Thing v. LaChusa,48 Cal.3d 644, 771 P.2d 814, 829 (1989) where the court set forth the elements of a bystander emotional distress claim as involving a plaintiff who is closely related to the injured victim land who suffers serious emotional distress as a result of being present at the scene of an injury producing event. CT Page 1860
In ruling upon a motion to strike, the court must construe the facts in the complaint most favorably to the plaintiff. Gordon v. Bridgeport Housing Authority 208 Conn. 161, 170 (1988). The Court rules that the evidence admissible under the allegations contained in the complaint are sufficient to establish a cause of action for bystander emotional distress.
Accordingly, the motion to strike is denied.
RUSH, J.