[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE (#115)
The plaintiff, Barry A. Murphy, brought this action against the defendant, Harry N. Banziruk in two counts claiming in the first count damages for personal injuries and in the second count damages for bystander distress, from his contemporaneous and sensory observation of his son's life-threatening injuries and subsequent hospitalization and the extraordinary treatment required. The defendant has filed a motion to strike the second count on the ground that Connecticut was not recognized emotional distress.
The purpose of a motion to strike is to test the legal sufficiency of the allegations of any complaint or of one or more counts thereof to state a claim upon which relief can be granted. Connecticut Practice Book Section 152, et seq. All well-pleaded facts and those necessarily implied from the allegations are taken as admitted. Verdon v. TransAmerica Insurance Company,187 Conn. 363, 365 (1982).
The Supreme Court outlined the development of bystander recovery for claims asserting negligently inflicted emotional distress in Maloney v. Conroy, 208 Conn. 392 (1988). The court in Maloney, first cited Strazza v. McKittrick, 146 Conn. 714 (1959) in which the court adopted the then prevailing view that one could not recover for injuries caused by fear of threat and harm or injury to the person or property of another, holding that another could not recover from "nervous shock resulting from fear of injury to her child." Id. at 719.
In Amodio v. Cunningham, 182 Conn. 80 (1980) the court noted the then "divergence of opinion among the jurisdictions regarding their recognition of a cause of action for emotional distress to a bystander arising from witnessing the negligently inflicted injury of another." Id. at 84. In Amodio, the court considered the three part test of a bystander emotional distress claim enumerated in Dillon v. Legg, 441 P.2d 912 (1968), but stopped short of adopting the Dillon test where plaintiff's complaint did not state a cause of action thereunder. To state a claim under Dillon, a plaintiff must establish that:
1. Plaintiff was located near the scene of the accident, as contrasted CT Page 1463 with one who was a distance away;
 2. Plaintiff's shock resulted from a direct emotional impact from the sensory and contemporaneous observance of the accident as contrasted with learning of the accident from others after its occurrence;
 3. Plaintiff and the victim were closely related as contrasted with an absence of any relationship or the presence of only a distant relationship.
In Maloney, supra, the court explicitly rejected California decisions subsequent to Dillon in the context of malpractice cases, stating that it is not inclined to follow the lead of the California courts in allowing a bystander to recover for emotional disturbance resulting from malpractice upon another person that the bystander may have observed.
In William R. Stoughton, et al. v. Sabolcik, No. 057778, this court stated that Dillon was modified by the case of Thing v. LaChusa,48 Cal.3d 644, 771 P.2d 814, 820 (1989) wherein the California Supreme Court stated that the elements of a bystander emotional distress claim are:
1. The plaintiff must be closely related to the injury victim;
 2. The plaintiff must be present at the scene of the injury/producing event at the time it occurs and be aware that it is causing injury to the victim; and
 3. As a result, the plaintiff suffers serious emotional distress, a reaction beyond that which would be anticipated in a disinterested witness and which is not a normal response to the circumstances. Id.
The purpose of the Thing decision was to restrict recovery to those persons who suffer an emotional impact beyond the impact anticipated whenever one learns that a relative is injured, dies or the emotion felt by a "disinterested witness," citing Thing at 821.
The plaintiff alleges in paragraph 10 of the second count that "the plaintiff did not see the defendant's vehicle make contact with his own; rather, the plaintiff felt and heard the contact of the defendant's car with the plaintiff's car. The plaintiff was rendered momentarily dazed and/or unconscious, and awoke to hear his son repeatedly scream and then go silent at five to ten second intervals. During the time he was conscious, the plaintiff saw his son and thought that he was dying." While he was present at the scene of the injury/producing event at the time it occurs, CT Page 1464 he was not aware that it is causing injury to the victim. Accordingly, even if Connecticut were to recognize by stricter statutes this plaintiff does not fall within its requirements. Not only was Mr. Murphy not aware but in addition, he was momentarily "dazed and/or unconscious". See Amodio, supra, pg. 92.
Finally, the court notes that the plaintiff's son was a passenger in his stopped vehicle. Under these circumstances he cannot be a bystander. Black's Law Dictionary, Fifth Edition defines bystander as "one who stands near; a chance looker-on; hence one who has no concern with the business being transacted. One present but not taking part, looker-on, spectator, beholder, observer." Were the plaintiff's position to be accepted a husband and wife travelling together injured in an accident would have a claim, not only for their own injuries, but also a claim as an onlooker. Even under Amodio such a claim is not justified as neither would be a bystander.
For the reasons stated, the motion to strike is granted.
PICKETT, J.