[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case once again presents to the Superior Court the issue of whether Connecticut law recognizes a cause of action for bystander emotional distress. The plaintiff Anna Gobar alleges that she was driving her car in which her children Christina and Jason were passengers when the car was violently struck by the defendant's truck. The car crashed into the median divider, bounced back into the travel lane, and was then hit a second time by the truck. The second impact, it is alleged, caused the car to flip over and come to rest on its roof. All inside the car survived, but all allege physical injuries.
The plaintiff Anna Gobar claims in Count Five and Eight that she has suffered "great emotional, physical and mental harm in that she witnessed the injuries sustained by her minor child[ren]." The defendants Robert Holleman and Ryder Truck Rental, Inc., have moved to strike on the ground that such a claim has not been recognized in Connecticut.[1]
Both sides point to the three Supreme Court cases that have discussed the disputed cause of action. In Strazza v. McKittrick, 146 Conn. 714 (1959), the Supreme Court said unequivocally that "[e]ven where a plaintiff has suffered physical injury in the accident, there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another." Id., at 719. Standing alone, the holding in Strazza would control the instant case. But the Supreme Court has been significantly more equivocal in two other cases cited by the parties here.
In Amodio v. Cunningham, 182 Conn. 80 (1980), the Court, rather than dismiss the plaintiff's appellate claims with a quick reference to Strazza, supra, discusses at length the requirements for stating a cause of action for bystander emotional distress. The Amodio court reached the conclusion that the underlying facts did not support the cause of action in that case because the child's injuries witnessed by the adult plaintiff CT Page 8858 did not manifest themselves until a considerable period of time after the alleged negligence of the plaintiff. Id. at 93. The holding in Amodio is an indication that the court was somewhat more confident about the law's ability to distinguish the line between liability for negligent behavior and a undue burden on defendants. Furthermore it was a recognition of the law's evolution since the 1959 decision in the area of negligent infliction of non-physical injury. See, Montinieri v. Southern England Telephone Co., 175 Conn. 337 (1978) (recognition of cause of action for negligent infliction of emotional distress).
Most recently the court has revisited the Amodio guidelines in the case of Maloney v. Conroy, 208 Conn. 392 (1988). The emotional injury to the plaintiff in that medical malpractice case was alleged to have resulted from the plaintiff's witnessing the slow deterioration in health of the plaintiff's decedent. The current confusion over the recognition of bystander emotional distress comes from the following language:
 Whatever may be the situation in other contexts where bystander emotional disturbance claims arise, we are convinced that, with respect to such claims arising from malpractice on another person, we should return to the position we articulated in Strazza that "there can be no recovery for shock and mental anguish caused by the sight of injury or threatened harm to another." Strazza v. McKittrick, supra, 719.
Maloney v. Conroy, 208 Conn. 392, 402 (1988).
There is no reason for the Supreme Court to continue to distinguish these cases on the narrow grounds presented by the individual facts if it is not prepared to recognize the tort of bystander emotional distress in an appropriate situation. The allegations of Anna Gobar meet the tests outlined previously by the Supreme Court in Amodio, supra: she was located near the scene of the accident as contrasted with one who might be a distance away; she experienced a direct emotional impact from the sensory and contemporaneous observance of the accident; and she had a close relationship with the victim(s).
The court concludes that the discussions in Amodio and Maloney govern the instant case. Taking the facts as well-pleaded CT Page 8859 and susceptible to proof, Gordon v. Bridgeport Housing Authority, 208 Conn. 161 (1988), they support a claim for emotional distress to a bystander arising from witnessing the negligently inflicted injury of another.
The Motion to Strike Counts Five and Eight is denied.
PATTY JENKINS PITTMAN JUDGE, SUPERIOR COURT