[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The motion to strike the second and third counts of the revised complaint is granted.
The second count alleges that as wife of the physically injured plaintiff she suffered negligent infliction of emotional distress in being "forced to secure medical attention" for her husband and was forced "to accompany him to the hospital". CT Page 12199
While it is true that Connecticut has long recognized a cause of action for negligent infliction of emotional distress, Hobsonv. Saint Mary's Hospital, 176 Conn. 485, 493 (1979), in order for it to be actionable, the emotional distress must have been suffered by the person who suffers the physical injury, not one who witnesses it as or administers to it. Montineri v. SouthernNew England Telephone Co., 175 Conn. 337 (1978). Nowhere in this count is there any allegation that Rose Nesci suffered any physical injury to herself.
The third count suffers from the same infirmity. This court has consistently recognized the tort of bystander emotional distress, although there is admittedly a division of authority on the point. This recognition is based primarily on the court's reading of Strazza v. McKittrick, 146 Conn. 714 (1959). WhileStrazza affords the basis for recognition of the cause of action it requires as an element of the tort that the emotional distress result from fear of injury to the person claiming the distress, not fear of injury or injury to the other person. The third count is devoid of any such allegation.
MOTTOLESE, J.