[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 12, 1996
This action arises from an automobile accident which occurred in Shelton, Connecticut on November 23, 1994. The sole issue before the court here is whether Janeen Plante, the sister of the decedent Thomas Burbank, may recover for bystander emotional distress for witnessing the death of her brother in the collision. According to the amended complaint, filed June 16, 1995, the decedent Thomas Burbank was killed when the roof of the automobile in which he was travelling in the rear seat collapsed upon impact of the collision, and "his head was crushed between the roof and back deck of the vehicle." (Amended Complaint, First Count Paragraph Five.)
The Connecticut Supreme Court has addressed the question of whether to recognize a cause of action for bystander emotional distress on three occasions. See Maloney v. Conroy,208 Conn. 392, 545 A.2d 1059 (1988): Amodio v. Cunningham,182 Conn. 80, 438 A.2d 6 (1980); Strazza v. McKittrick, 146 Conn. 714,156 A.2d 149 (1959). Interestingly, arguments were recently heard on the issue before the Connecticut Supreme Court in Clohessy v.Bachelor, S.C. No. 15188, on November 28, 1995.
In Strazza v. McKittrick, supra, the court held that the plaintiff could not "recover for injuries occasioned by fear of threatened harm or injury to the person or property of another (Emphasis added.) 146 Conn. 719. In Amodio v. Cunningham, supra,
the Connecticut Supreme Court refused to recognize a claim for bystander emotional distress as applied to the injury of another caused by medical malpractice. 182 Conn. 87. Once again, inMaloney v. Conroy, supra, the Connecticut Supreme Court addressed the same issue as in Amodio. The Maloney Court stated that "whatever may be the situation in other contexts where bystanderemotional disturbance claims arise, we are convinced that, with respect to such claims arising from malpractice to another person, we should return to the position we articulated inStrazza that `there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another.'" (Emphasis added.) Maloney v. Conroy, supra,208 Conn. 402.
This court finds that it is not clear whether or not CT Page 1144 Connecticut Supreme Court intended the cause of action of bystander emotional distress to be recognized. Nevertheless, the court finds that the above highlighted language of Maloney
militates in favor of the cause of action. Furthermore. Strazza
is distinguishable from the present case in that the Court denied the claim based upon injuries from fear of threatened harm to another. The Superior Court has addressed the issue of bystander emotional distress on greater than fifty occasions, splitting on whether or not to recognize the cause of action. See Courchesnev. Dickau Bus Co., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 527989,11 CONN. L. RPTR. 463 (May 5, 1994) (Corradino, J.) This court follows the decisions that allow recovery.
The plaintiff in this case has met the criteria as set forth in Dillon v. Legg, 68 Cal.2d 728, 441 P.2d 912 (1968), and also as refined in Thing v. LaChusa, 48 Cal.3d 644, 771 P.2d 814
(1989). The court finds that the (plaintiff has sufficiently alleged a cause of action for bystander emotional distress.
Therefore, the defendant's (Toyota Motor Distributors, Inc.) motion to strike (#124) count six of the amended complaint is denied for the reasons set forth above.