[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER (#115)
CT Page 1622
After hearing held on defendant Three Bond of America, Inc.'s motion to strike the eighth count of plaintiff's complaint, it is hereby Ordered: denied, for the following reasons:
The plaintiff concedes in her memorandum of law (p. 2), filed in objection to the defendant's motion, that "the weight of opinion in this state precludes a claim for emotional distress caused by the sight of injury or threatened harm to another. . . ." It is her claim, however, that her injuries were the result of emotional distress caused "by fear of injury to herself," as to which no bar to recovery is present. While there is some difference of opinion among trial court jurists, the greater weight of authority supports the proposition that "there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another. Strazza v. McKittrick [146 Conn. 714, 719 (1959)]." Maloney v. Conroy,208 Conn. 392, 402 (1988). When such injury to the plaintiff, however, is proximately caused by the defendant's negligent act and at the time thereof the plaintiff is in the range of physical danger, the injury may constitute a valid element of damages, and recovery is permitted. Orlo v. Connecticut Co., 128 Conn. 231,239 (1941). Moreover, the right of recovery has in more recent times been expanded, at least in terms of a relaxation of the extent of proof required. See Buckley v. Lovallo, 2 Conn. App. 579,588 (1984); LaBieniec v. Baker, 11 Conn. App. 199, 204
(1987).
Although her complaint is not entirely clear as to the direct cause of the alleged emotional injury, it is clear that the plaintiff was at the critical time within the zone of danger. In making its ruling the court construes, as it must, the facts alleged in the complaint in a manner most favorable to sustaining its sufficiency. Kelly v. Figueiredo, 223 Conn. 31, 32 (1992).
Gaffney, J.