[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed October 4, 1996
The Plaintiffs, Kimberly T. SanAngelo, PPA, Elaine SanAngelo and James SanAngelo, initiated the present action by a multi-count complaint filed on May 20, 1996. The complaint names John M. Lewis, M.D., Claire F. Ventre, M.D., Associates Obstetrics and Gynecology, P.C., the Waterbury Hospital, and Sheila Koch, R.N. as Defendants. The complaint alleges that the Defendants negligently diagnosed and managed the pregnancy of Plaintiff, Elaine SanAngelo, and the delivery of the Plaintiff Kimberly T. SanAngelo. The third count of the Plaintiffs' complaint alleges that Plaintiff Elaine SanAngelo has suffered severe mental anguish, pain and suffering as the result of visualizing and being aware of trauma to which her baby, Kimberly T. SanAngelo was negligently subjected. Defendants Associates Obstetrics and Gynecology P.C., John M. Lewis, M.D. and Claire F. Ventre, M.D. move to strike the third count of the complaint.
A motion to strike tests the legal sufficiency of a pleading. Practice Book § 151; Ferryman v. Groton, 212 Conn. 138, 142
(1989). "[A]ll facts well pleaded and those facts necessarily implied from the allegations are taken as admitted." Amodio v.Cunningham, 182 Conn. 80, 82-83 (1980). "[T]he court must construe the facts alleged in a pleading in the manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273, 278
(1988). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them." Ferryman v. Groton, supra, 142. "If the facts provable under the allegations would support a defense or cause of action, the motion to strike must fail." Id.
The Defendants, Associates Obstetrics and Gynecology, P.C., John M. Lewis, M.D., and, Claire F. Ventre, M.D., move to strike the third count of the plaintiffs' complaint on the ground that a claim for bystander emotional distress is not cognizable in a medical malpractice action under Connecticut law. The Court concurs. The Supreme Court of Connecticut has unequivocally stated that "a bystander to medical malpractice may not recover for emotional distress. . ." Maloney v. Conroy, 208 Conn. 392,393 (1988). CT Page 6282
The Plaintiffs contend that Clohessy v. Bachelor, 237 Conn. 31
(1996), impliedly overrules Maloney v. Conroy. Clohessy v.Bachelor establishes that a bystander may recover damages for emotional distress under the rule of reasonable foreseeability if the bystander satisfies certain conditions. Clohessy v. Bachelor,supra, 56. While Clohessy v. Bachelor expressly overruled Strazzav. McKittrick, 146 Conn. 714 (1969), it did not overrule Maloneyv. Conroy. At present, therefore, Maloney v. Conroy remains the law of Connecticut with respect to bystander emotional distress in medical malpractice actions.
Defendants' motion to strike the third count of the complaint is granted.
FINEBERG, J.