[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendants Day Kimball Hospital, Day Kimball Pediatric Center, and Dr. Garfield Danenhower move to strike counts 2, 3, 8, 9, 11, and 12 of the amended complaint. The basis for the motion is that these counts represent claims for bystander, emotional distress collateral to medical malpractice. The remaining counts of the complaint involve other parties and are irrelevant to this motion.
The movants contend that the holding of Maloney v. Conroy,208 Conn. 392 (1988), barring recovery for bystander distress arising out of perceived harm to a loved one because of medical negligence, survives the decision of Clohessy v. Bachelor, 237 Conn. 31 (1996), which recognized the viability of bystander distress claims generally. The court agrees.
In the Clohessy case, our Supreme Court discussed a line of cases involving bystander distress stemming from perceived physical injury to a family member. This line began with Strazza v. McKittrick,
CT Page 1684146 Conn. 714 (1959). The Strazza case precluded recovery for those who observed, or believed they observed, serious injury to a family member Id., 719. The line ended with the Maloney case, supra, which decision recognized the possibility that the holding inStrazza might be outdated "in other contexts" but emphatically reiterated that there can be no recovery for bystander emotional injury in the medical malpractice area. Maloney v. Conroy, supra, 402.
In permitting recovery for observer distress in Clohessy, our Supreme Court expressly overruled the Strazza case, Clohessy v.Bachelor, supra, 46. That decision, however, omitted any such expression with regard to the Maloney holding. The court infers from this disparity in treatment of the two decisions that our Supreme Court viewed the Maloney decision as remaining good law. It is inconceivable that the Clohessy Court intended to overruleMaloney implicitly while overturning Strazza
explicitly having conjoined these cases for discussion purposes.
The Maloney decision anticipated the possible demise ofStrazza in nonmalpractice case Maloney v. Conroy,
supra, 402. Consequently, the Supreme Court carved out malpractice cases in that decision, stressing the societal costs attendant to allowing such suits in particular. Id., 402 to 404. One such cost is the inevitable curtailment of visitors to patients at hospitals. Id. None of the factors peculiar to medical malpractice bystander distress was refuted or disavowed in Clohessy.
Turning to the specific counts which are the targets of this motion, the court observes that a motion to strike admits all well-pleaded facts, and the pleadings are construed most favorably toward the pleader.Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). The pleadings indicate that Judith Chabot was pregnant with twins and during labor and delivery was under the care and treatment of her obstetrician, Dr. David Yeager, and employees of Day Kimball Hospital. On April 2, 1995, Judith delivered one healthy twin but encountered serious difficulty delivering the other twin. The plaintiffs aver that inappropriate care and treatment by Yeager and hospital staff exacerbated the difficulty and compromised the well-being of the infant, Stephanie, and substantially contributed to the infant's death sometime thereafter. After delivery, Stephanie was under the care and treatment of a pediatrician, Dr. Danenhower, and the Day Kimball Pediatric Center. The plaintiffs also allege that this postnatal care was negligent and was a cause of Stephanie's suffering and death.
Count 2 pertains to the "severe psychologic, physiologic and emotional CT Page 1685 distress" suffered by the mother, Judith, because of the purported professional negligence of the hospital. The pleadings contained in this count make no differentiation between emotional suffering caused by malpractice as to Judith's care versus Stephanie's care. To the extent the emotional distress claimed in this count derives from deficient treatment of the mother herself, it is not "bystander" distress, but is compensable as flowing from medical malpractice perpetrated upon her person. The motion to strike is denied, therefore, as to this count.
Counts 3, 9, and 12 pertain to the claims of Christopher Chabot, father of the deceased child for bystander emotional distress caused by the purported misconduct of Day Kimball Hospital, Day Kimball Pediatric Center, and Dr. Danenhower, respectively. As such, these claims are barred by the holding in Maloney v. Conroy, supra, and the motion to strike is granted as to these counts.
Counts 8 and 11 pertain to claims by Judith against Day Kimball Pediatric Center and Dr. Danenhower for bystander distress arising from the postnatal care of Stephanie, and these claims are likewise prohibited by Maloney v. Conroy, supra. The motion to strike is granted as to these counts.
In summary, the motion to strike is denied as to Count 2 but granted as to Counts 3, 8, 9, 11 and 12.
Sferrazza, J.