[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS OF RICHARD WEISS, MD. AND CHILDREN'S MEDICAL CENTER
CT Page 13408 TO STRIKE COUNTS OF THE COMPLAINT
This is a medical malpractice action against two physicians and two hospitals. The claims arise out of the treatment of the plaintiffs decedent Ashley Cromwell, first at Manchester Hospital on April 15-16, and then at Connecticut Children's Medical Center on April 18-19. It is claimed that by reasons of negligent medical treatment the child suffered severe, painful and fatal injuries.
In addition to the claims for wrongful death and pain and suffering of the decedent, Marcia Cromwell and Kenneth Cromwell, mother and father assert claims for bystander emotional distress.
The defendant Richard Weiss, M.D. and the defendant Connecticut Children's Medical Center move to strike the counts against them on the basis that the law does not recognize a claim for bystander emotional distress in medical malpractice cases
The Connecticut Supreme Court, in the case of Clohessy v.Bachelor, 237 Conn. 31 (1996) set forth the criteria for bystander emotional distress claims:
 "To summarize, we conclude that a bystander may recover damages for emotional distress under the rule of reasonable foreseeability if the bystander satisfies the following conditions: (1) he or she is closely related to the injury victim, such as the parent or the sibling of the victim: (2) the emotional injury of the bystander is caused by the contemporaneous sensory perception of the event or conduct that causes the injury; or by arriving on the scene soon thereafter and before substantial change has occurred in the victims condition or location; (3) the injury of the victim must be substantial, resulting in his or her death or serious physical injury; and (4) the bystander's emotional injury must be serious, beyond that which would be anticipated in a disinterested witness and which is not the result of an abnormal response."
 Clohessy v. Bachelor, supra, p. 56.
It is the plaintiffs position that this case overrulesMaloney v. Conroy, 208 Conn. 392 (1988).
 "Whatever may be the situation in other contexts where CT Page 13409 bystander emotional disturbance claims arise, we are convinced that, with respect to such claims arising from malpractice in another person, we should return to the position we articulated in Strazza that "there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another'".
 Maloney v. Conroy, supra, p. 402.
The court, in Clohessy, supra, was dealing with a circumstance involving an automobile-pedestrian accident whereby close relations, the mother and brother of the victim witnessed the impact. Both of them went to the scene and were holding him as he experienced pain and suffering from his fatal head injuries. Previously our court, in Strazza v. McKittreck,146 Conn. 714 (1959) recognized such claims only when the bystander "was within the range of ordinary danger."
In essence, Clohessy, supra removed the "range of ordinary danger" requirement, and articulated the four conditions for a cause of action for bystander emotional distress.
Although the court, in Clohessy, supra discusses Maloney v.Conroy, supra, it quotes Maloney in stating that "in medical malpractice . . . there generally is no significant observable traumatic event." Clohessy v. Bachelor, supra, p. 44. The Maloney
court further had reaffirmed the denial of bystander emotional disturbance in a malpractice case, as set forth in Amodio v.Cunningham, 182 Conn. 80 (1980).
The Maloney court sets forth further compelling policy reasons, other than the lack of contemporaneous perception as to why bystander emotional distress should not apply to medical malpractice claims. Relatives at bedside have heightened sensitivity which may affect their judgment as to what is proper medical treatment, thereby causing a frequency of claims and inevitably causing the providers to restrict visitation. Further, medical personnel would be likely to divert their attention from the patient to the relative to "accommodate the sensitivities of others", Maloney v. Conroy, supra, p. 403. Consequently, theMaloney court determined that to recognize causes of action for bystander emotional distress in medical malpractice cases" "would have consequences detrimental to the community as a whole," for the reasons set forth therein.
This court can discern no indication that the Supreme Court CT Page 13410 would reverse its decision in Maloney v. Conroy, supra. The allegations of the complaint herein fit squarely into the decision in that case, and are substantially different then the facts from the basis for the court's decision in Clohessy v.Bachelor.
The seventh count of the complaint and the eight count of the complaint, Marcia Cromwell and Kenneth Cromwell respectively vs Richard Weiss, M.D. for bystander emotional distress does not set forth a cause of action recognized in this state. Consequently the motion to strike these counts is granted.
The eleventh count of the complaint and the twelfth count of the complaint, Marcia Cromwell and Kenneth Cromwell respectively vs Connecticut Children's Medical Center, for bystander emotional distress does not set forth a cause of action recognized in this state. The motion to strike these counts is granted.
L. Paul Sullivan, J.