[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiffs Donna and Ronald Klinkowize filed the present action against the defendants Greenwich Hospital Association, Dzwinka Carroll, Donna Hagberg, Putnam Gynecology and Obstetrics of Greenwich, P.C., Jerry Cochran and Cassandra Tribble arising out of injuries caused by the defendants' alleged negligence in failing to provide Donna Klinkowize with anesthesia during the caesarian section delivery of her child. The plaintiffs' complaint includes allegations of medical malpractice, willful and wanton misconduct, lack of informed consent, loss of consortium and bystander emotional distress. The defendant Greenwich Hospital Association filed a motion to strike count twelve of the plaintiffs' second revised complaint by Ronald Klinkowize, husband of Donna Klinkowize, for bystander emotional distress.[1]
The defendant Greenwich Hospital Association claims thatMaloney v. Conroy, 208 Conn. 392, 545 A.2d 1059 (1988) compels the court to grant its motion to strike because it specifically indicates that Connecticut law prohibits recovery for bystander emotional distress in the medical malpractice context. The CT Page 14074 plaintiff asserts that Clohessy v. Bachelor, 237 Conn. 31,675 A.2d 852 (1996) overruled Maloney v. Conroy, supra, and permits recovery for bystander emotional distress if the plaintiff proves certain elements.
There is a split of authority in the superior court concerning whether an individual may state a legally sufficient cause of action for bystander emotional distress in the medical malpractice context. The majority of cases do not allow such actions. See McCartney v. Culvahouse, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 166468 (February 19, 1999, Mintz, J.); see also Langella v. G-WZ ofStamford, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 148891 (August 2, 1996,Lewis, J.) (finding that "[t]he recent case of Clohessy v.Bachelor [supra], indicates that this state recognizes a cause of action for bystander emotional distress. It is doubtful, however, that the case overrules Maloney because of the reference to `medical malpractice'"). But see Blanchette v. Desper, Superior Court, judicial district of Waterbury, Docket No. 144050 (October 19, 1998, Shortall, J.) (23 Conn. L. Trib. 321) (noting thatClohessy expressly overruled Strazza v. McKettrick,146 Conn. 714, 156 A.2d 149 (1959), the case upon which the Connecticut Supreme Court expressly based its holding in Maloney).
"To allow recovery by one, like the plaintiff, who has been more or less constantly `at the bedside' of the malpractice victim during the period of treatment is likely to cause hospitals and other medical treatment facilities to curtail substantially the extent of visitation of patients that is presently permitted." McCartney v. Culvahouse, supra, Superior Court, Docket No. 166468, quoting Maloney v. Conroy, supra,208 Conn. 404. The court agrees with the cases that follow Maloney v.Conroy, supra, and, therefore, strikes count eighteen of the third revised complaint.
So Ordered.
D'ANDREA, J.