[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO STRIKE
The plaintiff, Helen M. Baranowski (Baranowski), originally brought CT Page 2812 this action on October 11, 1998. The estate of Baranowski (estate) filed the third revised complaint, which is the operative complaint, on August 24, 2000. The revised eight-count complaint alleges that on June 21, 1996, Doctor Ying-Sek Chan (Chan), who was on the staff at Saint Mary's Hospital (Saint Mary's), administered an arteriogram/angiogram on Baranowski, who was accompanied that day by her son, Charles Baranowski, Jr., and that she subsequently suffered injury, atrophy and permanent loss of the use of her right arm. The complaint alleges that Baranowski's injuries resulted from the negligence of both Saint Mary's and Chan. The estate seeks damages for both her physical injuries and the emotional distress she suffered as a result. In addition, the plaintiff, Charles J. Baranowski, Jr. (Charles), the son of the deceased, asserts claims for bystander emotional distress and loss of consortium.
The defendants' motions to strike are directed at the claims raised by Charles for loss of parental consortium and for bystander emotional distress.
In counts three and four of the complaint, Charles seeks damages for loss of parental consortium against Saint Mary's and Chan respectively.
In counts six and eight, Charles seeks damages for bystander emotional distress against Saint Mary's and Chan respectively.
On September 5, 2000, Chan filed a motion to strike counts four and eight of the plaintiffs' revised complaint on the ground that neither claim is recognized under Connecticut law. On the same ground, and incorporating Chan's memorandum of law, Saint Mary's filed a motion to strike counts three and six of the plaintiffs' revised complaint on September 8, 2000.
The purpose of a motion to strike is to "challenge the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori,236 Conn. 820, 825, 676 A.2d 357 (1996). In determining the sufficiency of a complaint, "all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.) Doe v. Yale University, 252 Conn. 641, 667, 748 A.2d 834
(2000). The court must construe the complaint "in the manner most favorable to sustaining its legal sufficiency." (Internal citation omitted.) Id.
A. LOSS OF PARENTAL CONSORTIUM
CT Page 2813
The defendants move to strike counts three and four of the plaintiffs' complaint, which assert claims for loss of consortium by Charles against Saint Mary's and Chan respectively. The defendants argue that in Mendillov. Board of Education, 246 Conn. 456, 717 A.2d 1177 (1998), the Supreme Court addressed this issue directly, declining to recognize a cause of action for loss of parental consortium. The plaintiffs present no argument on this issue in their memorandum in opposition to the defendants' motion to strike.
In Mendillo, where the plaintiff's children sought damages for loss of parental consortium, the court expressly declined "to recognize a derivative cause of action for loss of parental consortium by a minor child." Mendillo v. Board of Education, supra, 246 Conn. 461
Since Mendillo our Superior Courts have refused to recognize loss of parental consortium as a valid cause of action. Mirjavadi v. Vakilzadeh,
1999 WL 545454 (Jul. 9, 1999, D'Andrea, J.); Accashian v. City ofDanbury, 1999 WL 27223 (Jan. 6, 1999, Hodgson, J.).
For those reasons, the court hereby grants the motions to strike counts three and four of the plaintiffs' complaint under the express holding ofMendillo that Connecticut does not recognize a cause of action for loss of parental consortium.
B. BYSTANDER EMOTIONAL DISTRESS
The defendants also move to strike counts six and eight of the plaintiffs' complaint, asserting claims of bystander emotional distress. The defendants argue that under the Supreme Court's decision in Maloneyv. Conroy, 208 Conn. 392, 545 A.2d 1059 (1988), there is no cause of action for bystander emotional distress in Connecticut. The plaintiffs argue that the court should instead apply the rule set forth in Clohessyv. Bachelor, 237 Conn. 31, 675 A.2d 852 (1996).
In Maloney, the plaintiff sought damages from two physicians and a hospital for severe emotional disturbance alleged to have resulted from the malpractice of the defendants in treating her mother. The Supreme Court established a bright line rule, holding that "a bystander to medical malpractice may not recover for emotional distress." Maloney v.Conroy, supra, 208 Conn. 393. Under the Maloney rule, then, Charles has no cause of action for bystander emotional distress because this claim arises in the context of medical malpractice.
In Clohessy v. Bachelor, however, the Supreme Court again addressed the issue, recognizing a cause of action for bystander emotional distress CT Page 2814 upon satisfaction of a four-part test. The plaintiff must show that: "(1) he or she is closely related to the injury victim, such as the parent or the sibling of the victim; (2) the emotional injury of the bystander is caused by the contemporaneous sensory perception of the event or conduct that causes the injury, or by arriving on the scene soon thereafter and before substantial change has occurred in the victim's condition or location; (3) the injury of the victim must be substantial, resulting in his or her death or serious physical injury; and (4) the bystander's emotional injury must be serious, beyond that which would be anticipated in a disinterested witness and which is not the result of an abnormal response." Clohessy v. Bachelor, supra, 237 Conn. 56. In recognizing the claim of bystander emotional distress, the Clohessy court expressly overruled its prior holding in Strazza v. McKittrick, 146 Conn. 714, 719
(1959), which denied a new cause of action for bystander emotional distress generally. The Clohessy court was silent, however, on the continued status of Maloney.
Since Clohessy, trial courts have split as to what effect, if any,Clohessy had on Maloney's blanket denial of a cause of action for bystander emotional distress in the context of medical malpractice.
One line of cases holds that the Maloney rule remains intact. See, e.g., Gousse v. Connecticut Children's Medical Center, Superior Court, judicial district of Hartford, Docket No. 587675 (August 9, 2000,Hennessey, J.) (27 Conn.L.Rptr. 679); Martin v. Waradzin, Superior Court, judicial district of New Haven, Docket No. 404366 (April 2, 1998,Hartmere, J.) (21 Conn.L.Rptr. 616); Chabot v. Day Kimball Hosp.,
Superior Court, judicial district of Windham at Putnam, Docket No. 053562 (February 27, 1997, Sferrazza, J.) (19 Conn.L.Rptr. 250); Wildman v.Connecticut Allergy and Asthma Associates, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 334473 (February 20, 1997, Levin, J.) (18 Conn.L.Rptr. 453). These cases point to Clohessy's
express overruling of Strazza contrasted with the court's silence on the status of Maloney. One court concludes that "[i]t is inconceivable that the Clohessy court intended to overrule Maloney implicitly while overturning Strazza explicitly having conjoined these cases for discussion purposes." Chabot v. Day Kimball Hospital, supra,19 Conn.L.Rptr. 250. Some courts also point to language in Clohessy that suggests the court still believes that medical malpractice cases should be treated differently: "[t]he problem [with a cause of action for bystander emotional distress] is compounded when the underlying act of negligence with respect to the victim is medical malpractice because there generally is no significant observable sudden traumatic event by which the effect upon the bystander can be judged." See, e.g., Wildmanv. Connecticut Allergy Asthma Assoc., supra, 18 Conn.L.Rptr. 454, quoting Clohessy v. Bachelor, supra, 237 Conn. 44. Finally, at least one CT Page 2815 court considered Maloney's strong policy reasons against allowing recovery for bystander distress in medical malpractice actions in arriving at its conclusion that the Supreme Court did not intend to reverse, change or modify Maloney, Gousse v. Connecticut Children'sMedical Center, supra, 27 Conn.L.Rptr. 680.
The second line of cases holds that Clohessy limited the Maloney rule. See, e.g., DeRosa v. Master, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 067788 (August 24, 2000, Nadeau,J.) (27 Conn.L.Rptr. 714); Huhn v. Goldstone-Orly, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 352421 (February 10, 2000, Melville, J.) (26 Conn.L.Rptr. 535); Estate of Davis v.Yale-New Haven Hospital, Superior Court, judicial district of New London at New London, Docket No. 548382 (January 27, 2000, Carradino, J.) (26 Conn.L.Rptr. 481); Bond v. Kalla, Superior Court, judicial district of New London at New London, Docket No. 543295 (April 13, 1998, Koletsky,J.) (21 Conn.L.Rptr. 682). These courts reason that Clohessy did not have to overrule Malone because the plaintiff in Maloney would not have satisfied the second prong of the Clohessy test. See, e.g., Huhn v.Goldstone-Orly, supra, 26 Conn.L.Rptr. 537; Bond v. Kalla, supra,21 Conn.L.Rptr. 682. That prong requires that "the emotional injury of the bystander is caused by the contemporaneous sensory perception of the event or conduct that causes the injury, or by arriving on the scene soon thereafter and before substantial change has occurred in the victim's condition or location." Clohessy v. Bachelor, supra, 237 Conn. 56. Since the plaintiff in Maloney watched her mother deteriorate gradually over a period of time, she could not have satisfied Clohessy's contemporaneity requirement. See, e.g., Huhn v. Goldstone-Orly, supra,26 Conn.L.Rptr. 537;Bond v. Kalla, supra, 21 Conn.L.Rptr. 682. Therefore, that theClohessy court did not expressly overrule Maloney is insignificant. Bondv. Kalla, supra, 21 Conn.L.Rptr. 682. Instead, as long as a bystander in a medical malpractice case meets all four Clohessy requirements, he or she may bring a cause of action for emotional distress. See, e.g., DeRosav. Master, supra, 21 Conn.L.Rptr. 715; Huhn v. Goldstone-Orly, supra,26 Conn.L.Rptr. 537.
A more recent Supreme Court decision is helpful in resolving this split. In Mendillo v. Board of Education, the court cites to Maloney twice with approval in the context of a discussion of the court's general reluctance to impose third art liability. Mendillo v. Board ofEducation, supra, 246 Conn. 480, 492. Mendillo makes clear that Maloney
was not limited by Clohessy in any way. Instead, the imposition of third party liability is an exception to the general rule, and courts should do so only upon the satisfaction of a "special policy inquiry." Mendillo v.Board of Education, supra, 482. While bystander emotional distress in tort cases is one of those areas that the court lists as meeting the CT Page 2816 "special policy inquiry," Mendillo v. Board of Education, supra, 482, the court specifically cites to Maloney as an example of a situation in which the court has declined to impose third party liability precisely becauseof policy reasons. Mendillo v. Board of Education, supra, 492. In light of the court's general reluctance to impose third party liability and because Mendillo cites to Maloney as a specific example of when policy reasons argue against the imposition of third party liability, it is clear that the court did not intend to "reverse, change or modify"Maloney in Clohessy. Gousse v. Connecticut Children's Medical Center, supra, 27 Conn.L.Rptr. 680.
In this case, the plaintiff meets the four Clohessy requirements. Charles, the son of the victim, is certainly a close relative. Further, unlike the plaintiff in Maloney, Charles satisfies the contemporaneity requirement. Charles was with Baranowski at the hospital on the day that the estate claims that Baranowski was injured by a sudden traumatic event — the angiogram/arteriogram. Since the plaintiffs allege that Baranowski lost the permanent use of her right arm, the substantial injury prong is satisfied as well. Finally, Charles claims that his emotional injury is serious, beyond that which a disinterested bystander would experience. However, because this is a medical malpractice action, the plaintiffs' satisfaction of the Clohessy requirements is not enough.Maloney precludes recovery for bystander distress in medical malpractice actions, and that rule has not been modified by Clohessy. For the foregoing reasons, the court hereby grants the defendants' motions to strike counts six and eight of the plaintiffs' complaint.
By the Court
Joseph W. Doherty, Judge