[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#122)
In this medical malpractice action, the plaintiff Christine Lill alleges in Count Four of the complaint a claim for emotional distress resulting from the negligence of the defendants in the care and treatment of her child Matthew Lill. The defendants have moved to strike Count Four CT Page 7811 as failing to state a valid cause of action under Connecticut law. Both the defendants and the plaintiffs in their memoranda of law in support of and in opposition to the motion to strike characterize Count Four as a claim for bystander emotional distress.
Therefore, the sole issue raised by the motion to strike is whether there exists in Connecticut a cause of action for bystander emotional distress in a medical malpractice action. The resolution of that issue is based upon a determination as to whether the Supreme Court's holding inMaloney v. Conroy, 208 Conn. 392 (1988) has been overruled by the later Supreme Court case of Clohessy v. Bachelor, 237 Conn. 31 (1996). There is a split of authority as to the answer to this question at the trial court level.
It is the opinion of this court, for the following reasons thatClohessy has not overruled Maloney and therefore in a case of medical malpractice there can be no claim for bystander emotional distress.
While the court in Clohessy discussed Maloney it did not overruleMaloney when it clearly could have done so if that had been the court's intent. In fact the court in Clohessy explicitly overruled Strazza v.McKittrick, 146 Conn. 714 (1959).
Furthermore, the court in Maloney in rejecting a claim for bystander emotional distress in a medical malpractice action, relied on policy considerations. In Mendillo v. Board of Education, 246 Conn. 456 (1998) a case involving a claim for loss of parental consortium, the court citedMaloney as an example of a case in which the court has declined to impose third party liability for "policy" reasons. It does not follow that the court would cite Maloney for such a proposition if it had been overruled by Clohessy.
Therefore, the motion to strike is granted.
By the Court,
Bruce W. Thompson, Judge.