[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #121
The defendants in this case have filed a motion to strike the sixth count of the plaintiffs' second amended complaint dated April 22, 2002. The sole issue raised by the motion to strike is whether the present law of Connecticut recognizes a claim for bystander emotional distress in a medical malpractice action.
There is a split in authority among trial court judges regarding this issue. For the reasons set-forth below, this court agrees with those decision which hold that there exists no such cause of action pursuant to the holdings of the Supreme Court.
The relevant question is whether the holding of the Supreme Court inMaloney v. Conroy, 208 Conn. 392 (1988) has been overruled by the later Supreme Court case of Clohessy v. Bachelor, 237 Conn. 31 (1996) in which the court recognized a cause of action for bystander emotional distress in a non-medical malpractice action.
It is the opinion of this court that Clohessy did not overrule Maloney
and therefore there can be no claim for bystander emotional distress in a medical malpractice case. While the court in Clohessy discussed Maloney
it did not overrule Maloney when it clearly could have done so if that had been the court's intent. Indeed, the court in Clohessy explicitly overruled Strazza v. McKittrick, 146 Conn. 714 (1959).
The plaintiff and those cases upon which he relies, argue that theClohessy reasoning is applicable to a medical malpractice case as well as a non-medical practice action and there is no basis for drawing a distinction between the two.
However, while that argument may have some merit, the court inMaloney, in rejecting a claim for bystander emotional distress in a medical malpractice action, relied on policy considerations. The court CT Page 16203 has cited Maloney on a number of occasions subsequent to Clohessy as an example of a situation in which the court has declined to impose liability for "policy" reasons. See Mendillo v. Board of Education,246 Conn. 456 (1998) (claim for loss of parental consortium); Zamsteinv. Marvasti; 240 Conn. 549 (1997) (whether a mental health professional who evaluates a child for evidence of sexual abuse owes a duty of care to the person suspected of committing the abuse). In Jaworski v. Kiernan,241 Conn. 399 (1997) and Perodeau v. Hartford, 259 Conn. 729 (2002) the court cited Maloney for the proposition that there may be instances where there may be foreseeability of harm that does not give raise to a legal duty and that therefore there are harms that are foreseeable yet for "pragmatic" reasons no recovery is allowed.
It is therefore the opinion of this court that Maloney remains good law and therefore the plaintiffs claim for bystander emotional distress cannot stand.
The defendant's motion to strike is therefore granted.
___________________ Thompson, J CT Page 16204