[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#101)
This action arises out of a fire that occurred in West Haven, Connecticut, on or about December 13, 1994. The fire caused the deaths of Carol Curley, and her husband Raymond M. Curley. The fire also caused injuries to their son Michael A. Curley, who has brought a claim for bystander emotional distress. The complaint essentially alleges that the city was partially responsible for the deaths of the decedents because the dwelling where the fire occurred was an illegal two-family home, and the city did not ensure that the dwelling complied with building codes, electrical codes, housing codes and fire codes. (Complaint, First Count, Paragraph Five.)
The defendant, City of West Haven, filed a motion to strike on August 8, 1995. The plaintiffs filed a memorandum in opposition on August 23, 1995.
First, the court will address the defendant's motion to strike the fourteenth count of the complaint which alleges bystander emotional distress. The Connecticut Supreme Court has addressed the question of whether to recognize a cause of action for bystander emotional distress on three occasions. See Maloney v.Conroy, 208 Conn. 392, 545 A.2d 1059 (1988); Amodio v. Cunningham,182 Conn. 80, 438 A.2d 6 (1980); Strazza v. McKittrick, 146 Conn. 714,156 A.2d 149 (1959). Interestingly, arguments were recently heard on the issue before the Connecticut Supreme Court in Clohessyv. Bachelor, S.C. No. 15188, on November 28, 1995.
In Strazza v. McKittrick, supra, the court held that the, plaintiff could not "recover for injuries occasioned by fear of threatened harm or injury to the person or property of another." (Emphasis added.) 146 Conn. 719. In Amodio v. Cunningham, supra, the Connecticut Supreme Court refused to recognize a claim for bystander emotional distress as applied to the injury of another CT Page 412 caused by medical malpractice. 182 Conn. 87. Once again, inMaloney v. Conroy, supra, the Connecticut Supreme Court addressed the same issue as in Amodio. The Maloney Court stated that"whatever may be the situation in other contexts where bystanderemotional disturbance claims arise, we are convinced that, with respect to such claims arising from malpractice to another person, we should return to the position we articulated in Strazza that `there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another.'" (Emphasis added.) Maloney v. Conroy, supra, 208 Conn. 402.
This court finds that it is not clear whether or not the Connecticut Supreme Court intended the cause of action of bystander emotional distress to be recognized. Nevertheless, the court finds that the above highlighted language of Maloney militates in favor of the cause of action. Furthermore, Strazza is distinguishable from the present case in that the Court denied the claim based upon injuries from fear of threatened harm to another. The Superior Court has addressed the issue of bystander emotional distress on greater than fifty occasions, splitting on whether or not to recognize the cause of action. See Courchesne v. Dickau Bus Co., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 527989 (May 5, 1994, Corradino, J.). This court follows the decisions that allow recovery.
The plaintiff in this case, Michael A. Curley, has met the criteria as set forth in Dillon v. Legg, 68 Cal.2d 728, 441 P.2d 912
(1968), and also as refined in Thing v. LaChusa, 48 Cal.3d 644,771 P.2d 814 (1989). The court finds that the plaintiff has sufficiently alleged a cause of action for bystander emotional distress.
Therefore, the defendant's motion to strike count fourteen of the complaint is denied for the reasons set forth above.
With respect to all remaining thirteen counts the court finds that General Statutes 52-557n(b)(8) clearly abrogates municipal immunity in certain circumstances: "(b) "Notwithstanding the provisions of subsection (a) of this section, a political subdivision of the state or any employee, officer or agent acting within the scope of his employment or official duties shall not be liable for damages to person or property resulting from: . . . (8) failure to make an inspection or making an inadequate or negligent inspection of any property . . . to determine whether the property complies with or violates any law or contains a hazard to health or CT Page 413 safety, unless the political subdivision had notice of such aviolation of law or such hazard . . . ." (Emphasis added.) "When an agent acting within the scope of his authority obtains knowledge of a fact relevant to the transaction in which he is engaged, ordinarily that knowledge is imputed to his principal. The knowledge of the agent is the knowledge of the principal." Reardonv. Mutual Life Ins. Co, 138 Conn. 510, 516, 86 A.2d 570 (1952); see also West Haven v. U.S. Fidelity Guaranty Co., 174 Conn. 392,395, 389 A.2d 741 (1978). The court finds that the City of West Haven had notice of the alleged violations of the applicable building codes, electrical codes, housing codes and fire codes. Therefore, the court denies the defendant's motion to strike as to all remaining counts.
Skolnick, J.