[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 3849
The plaintiffs, Krista Collins and her father, Alain G. Collins, bring this action to recover for injuries and damages allegedly sustained as a result of a June 4, 1995 incident against the defendant, Gregory Dunlap.
The three count second revised complaint dated June 29, 1998, alleges that Alain Collins was operating a motor vehicle northbound on Route 39 in Sherman at approximately 7:38 p. m.
Alain Collins' minor daughter Krista was a passenger in the vehicle.
While the Collins vehicle was stopped in the highway, preparing to make a left turn into Pinewood Shores, it was struck from behind by a motorcycle operated by the defendant, Gregory Dunlap.
In count one of the second revised complaint, Krista Collins claims to have sustained personal injuries as a result of the accident, including psychological injuries and psychiatric troubles, resulting from the negligence of the defendant, Gregory Dunlap.
In count two, the plaintiff, Alain Collins, seeks reimbursement for medical expenses incurred on behalf of his minor daughter Krista, while count three sets forth a claim by Alain Collins for loss of consortium, based upon the injuries sustained by Krista Collins.
The defendant has moved for partial summary judgment as to counts one and three.
He claims, as to count one, that because Krista Collins denied having sustained physical injuries as a result of the collision during her March 17, 1998 deposition (Exhibit A), she cannot recover for bystander emotional distress based upon her psychological and psychiatric problems.
The defendant contends that because the loss of consortium claim pled in count three is derivative of the plaintiff, Krista Collins claim in the first count, it cannot be maintained. CT Page 3850
The defendant further asks the court to find that a claim for filial consortium cannot stand as a matter of law in light ofMendillo v. Board of Education, 246 Conn. 456 (1998).
The plaintiffs insist that count one does not involve a claim for bystander emotional distress, but instead seeks damages for negligent infliction of emotional distress.
They further ask that the court permit a claim for filial consortium, based upon the law of the case, involving a decision on the defendants motion to strike (Leheny, J.), dated October 27, 1997.
 STANDARD OF REVIEW
A trial court may render summary judgment only when documentary evidence, including pleadings and affidavits, demonstrate that no genuine issue of material fact remains between the parties, and the moving party is entitled to a judgment as a matter of law. Bartha v. Waterbury House WreckingCo., 190 Conn. 8, 11 (1983); Hammer v. Lumberman's MutualCasualty Co., 214 Conn. 573, 578 (1990). A material fact is defined as one which will make a difference in the result of the case. United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 379 (1969).
In deciding a motion for summary judgment, the trial court must view all evidence in the light most favorable to the nonmoving party. Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202 (1995). The burden is upon the moving party to show quite clearly what the law is and that it excludes any real doubt as to the existence of any genuine issue of material fact.Fogarty v. Rashaw, 193 Conn. 442, 445 (1984); Yanow v.Teal Industries. Inc., 178 Conn. 262, 268 (1979).
The test to be applied is whether the party seeking summary judgment would be entitled to a directed verdict. United Oil Co.v. Urban Redevelopment Commission, supra, 380.
 PLAINTIFF, KRISTA COLLINS, MAY MAINTAIN ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
In order to succeed in her claim for negligent infliction of emotional distress, the plaintiff, Krista Collins, must prove both that the defendant motorcycle operator should have realized CT Page 3851 that his conduct involved an unreasonable risk of causing emotional distress, and that if emotional distress did result, that distress might result in illness or bodily harm. Montinieriv. Southern New England Telephone Co., 175 Conn. 337, 341 (1978).
Where it is proven that the negligent acts of a defendant proximately caused shock or fright in one who is within the range of ordinary physical danger from that negligence, the injured party is entitled to recover. Orlo v. Connecticut Co., 128 Conn. 231,239 (1941).
In Strazza v. McKittrick, 146 Conn. 714 (1959), a plaintiff was permitted to recover for emotional distress where a truck crashed into the rear porch of the plaintiffs house at the moment when the plaintiff was two rooms distant, in the rear of the house.
The force of the collision shook the house causing the plaintiff to drop the dishes she was holding and to scream.
The crash caused no physical injury to the plaintiff.
The court found that the plaintiff was within the zone of danger, and that she experienced fright and shock contemporaneous with the crash.
The court held that the plaintiff was entitled to recover for fright and shock caused by a fear of injury to herself. Strazzav. McKittrick, supra, 718.
Here, in her second revised complaint, Krista Collins claims to have suffered psychological injuries, nightmares and psychiatric injuries due to the negligence of the defendant, Gregory Dunlap.
Because her right to recover does not depend upon physical injury having been sustained; Montinieri v. Southern New EnglandTelephone Co., supra, 345; a question of fact exists as to whether the elements of negligent infliction of emotional distress can be proven.
It must be remembered, however, that the plaintiff, Krista Collins, cannot recover for injuries occasioned by fear of threatened harm or injury to the person of another. Strazza v. McKittrick, supra, 719. CT Page 3852
The Strazza court specifically denied recovery to the plaintiff for nervous shock resulting from a fear of injury to her child. Strazza v. McKittrick, supra, 719.
Because she cannot recover for fear of injury to another person, the plaintiff cannot seek damages based upon fears occasioned by seeing the body of the defendant on the pavement following the accident.
 LOSS OF CONSORTIUM CLAIM MAY BE MAINTAINED
Because the defendants motion for summary judgment must be denied as to count one, the derivative claim set forth in count three is not barred due to its derivative nature.
The defendant correctly points to Mendillo v. Board ofEducation, supra, for the proposition that no loss of parental consortium claim may be maintained in Connecticut.
The Mendillo court did not, however, deal specifically with the issue of filial consortium.
Although the logic of Mendillo would indicate that since a child has no right to maintain an action for loss of consortium concerning a parent, a parent should have no right to seek damages for loss of consortium for a child. However, there is no specific holding to that effect.
The law of this case, therefore, permits the claim for filial consortium by the plaintiff, Alain Collins, to stand.
The defendants motion for summary judgment, as to both counts one and three, is therefore denied.
Radcliffe, J.