[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #132 OBJECTION TO MOTION #149
Before the court is the defendants' motion to strike #132, dated November 14, 2000, and the plaintiffs' corresponding objection #149, dated April 3, 2001. The plaintiffs, Maria Xiomara Chavarria and Grover Perez (the plaintiff parents), individually and in their representative capacities on behalf of their minor daughter, Katherine E. Perez, brought this suit against the defendants, Stamford Health System, Inc., William Cusik, M.D., Patrick Cahill, D.O., and Yvonne Wolny, M.D. The plaintiffs allege that they sustained personal injuries and damages as a result of the defendants' negligent medical care during the course of labor and delivery of the minor plaintiff, which caused the minor plaintiff to suffer traumatic and asphyxial brain damage resulting in permanent brain injury with resulting cerebral palsy and permanent mental and physical handicaps, including seizures, motor, vision and hearing deficits, and loss of intelligence. The operative complaint, the plaintiffs' revised complaint dated September 15, 2000, contains twenty-four counts, and the defendants move to strike counts five through eight, thirteen through twenty, and twenty-one through twenty-four. These counts were brought by the plaintiff parents' in their individual capacities for damages allegedly sustained as a result of the defendants' negligent medical treatment of their daughter.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1999). In ruling on a motion to strike, "[t]he role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the plaintiffs have stated a legally sufficient cause of action." Napoletano v. CIGNA Healthcare ofConnecticut, Inc., 238 Conn. 216, 232-233, 680 A.2d 127 (1996), cert. denied, 520 U.S. 1103, 117 S.Ct. 1106, 137 L.Ed.2d 308 (1997). "It is fundamental that in determining the sufficiency of a complaint challenged by a . . . motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.) Doe v. Yale University, 252 Conn. 641,667, 748 A.2d 834 (2000). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Id.
In counts five through eight, the plaintiff parents seek to recover CT Page 8519 damages for deprivation of the services of their minor daughter. The defendants move to strike these counts on the ground that they are legally insufficient, because Connecticut does not recognize a cause of action for loss of filial consortium. The defendants rely on Mendillo v.Board of Education, 246 Conn. 456, 485, 717 A.2d 1177 (1998), where the Supreme Court refused to recognize a cause of action for loss of parental consortium. The defendants contend that in Mendillo v. Board ofEducation, the court indicated that there are no material differences between an action brought by a child for the loss of his or her parent's consortium and a parent's action for the loss of his or her child's consortium. See, Id, 486, n. 20. Thus, the defendants argue that because the Superior Court has almost uniformly rejected loss of filial consortium claims in light of the holding of Mendillo v. Board ofEducation, the plaintiff parents' claims should be stricken. In response, the plaintiff parents contend that in counts five through eight, they allege loss of their minor daughter's services and not loss of filial consortium, and that Connecticut recognizes a cause of action for the loss of a child's services. However, during oral argument on May 21, 2001, the attorney for the plaintiff parents conceded that this court's decision in Mercede v. Kessler, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 172682 (February 13, 2001,Karazin, J.) is directly on point. In that case, this court struck a claim for loss of filial consortium pursuant to the reasoning of Mendillov. Board of Education, that "a child's sorrow over the loss of a parent's care and support is not different from a parent's sorrow over the loss of a child's affection and services, and because the majority of the decisions of the Superior Court grant motions to strike loss of filial consortium claims as a matter of law. Mercede v. Kessler, supra, Superior Court, Docket No. 172682. Accordingly, this court strikes counts five through eight on the ground that they are legally insufficient.
In counts twenty-one through twenty-four, Grover Perez, the plaintiff father alleges claims for bystander emotional distress. The defendants move to strike these counts on the ground that they are legally insufficient because Connecticut does not recognize a cause of action for bystander emotional distress in the context of medical malpractice. The defendants rely on Maloney v. Conroy, 208 Conn. 392, 545 A.2d 1059 (1988) in which the court refused to recognize a claim for bystander emotional distress in the medical malpractice context, and they "contend that it is the controlling authority despite the Connecticut Supreme Court's decision in Clohessy v. Bachelor, 237 Conn. 31, 545 A.2d 1059 (1998). In response, the plaintiff father contends that Clohessy v. Bachelor is the controlling authority. He contends that in Clohessy v. Bachelor, the court held that, regardless of the context, "a bystander may recover for emotional distress under the rule of reasonable foreseeability if the bystander satisfies the following conditions: (1) he or she is closely CT Page 8520 related to the injury victim, such as the parent or sibling of the victim; (2) the emotional injury of the bystander is caused by the contemporaneous sensory perception of the event or conduct that causes the injury, or by arriving on the scene soon thereafter and before substantial change has occurred in the victim's condition or location; (3) the injury of the victim must be substantial, resulting in his or her death or serious physical injury; and (4) the bystander's emotional injury must be serious, beyond that which would be anticipated in a disinterested witness and which is not the result of an abnormal response."
In Maloney v. Conroy, supra, 208 Conn. 402, the Connecticut Supreme Court held that "[w]hatever may be the situation in other contexts where bystander emotional disturbance claims arise, we are convinced that, with respect to such claims arising from [medical] malpractice on another person, we should return to the position we articulated in Strazza that "there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another.' Strazza v.McKittrick, [146 Conn. 714,] 719, [156 A.2d 149 (1959)]." In Clohessy v.Bachelor, supra, 237 Conn. 46, the Connecticut Supreme Court held that a plaintiff can allege a cause of action for bystander emotional distress in specific situations and that in doing so, it overruled its decision inStrazza v. McKittrick "to the extent that it conflicts with [the] opinion in this case."
After Clohessy v. Bachelor, supra, 237 Conn. 31, a split of authority has emerged among the judges of the Superior Courts as to whether Maloneyv. Conroy remains the controlling authority on the question of whether bystander emotional distress can be asserted in the medical malpractice context. "Some courts hold that Maloney either was overruled byClohessy, or now is only narrowly applicable to its limited factual circumstances; therefore, Clohessy permits bystander emotional distress claims in any context, including medical malpractice, provided that the four Clohessy factors are met. See, e.g., Blanchette v. Desper, Superior Court, judicial district of Waterbury, Docket No. 144050 (October 19, 1998, Shortall, J.) (23 Conn.L.Rptr. 321); Rios v. Kozlowski, Superior Court, judicial district of Hartford [at Hartford], Docket No. 576510 (August 24, 1998, Teller, J.) (22 Conn.L.Rptr. 564); Bond v. Kalla,
Superior Court, judicial district of New London [at New London], Docket No. 543295 (April 13, 1998, Koletsky, J.) (21 Conn.L.Rptr. 682). Other courts hold that because the Clohessy Court failed to explicitly overruleMaloney, it still remains good law in holding that bystander emotional distress claims in the medical malpractice context are absolutely not allowed. See, e.g., [McCartney v. Culvahouse, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 166468 (February 19, 1999, Miniz, J.);] Martin v. Waradzin, Superior Court, judicial CT Page 8521 district of New Haven [at New Haven], Docket No. 404366 (April 2, 1998, Hartmere, J.) (21 Conn.L.Rptr. 616); Chabor v. Day Kimball Hospital,
Superior Court, judicial district of Windham at Putnam, Docket No. 053562 (February 27, 1992, Sferrazza, J.); Wildman v. Connecticut Allergy andAsthma Associates, P.C., Superior Court, judicial district of Fairfield [at Bridgeport], Docket No. 334473 (December 16, 1996, Levin, J.) (18 Conn.L.Rptr. 453)." Drew v. William Backus Hospital, Superior Court, judicial district of New London at New London, Docket No. 550724 (September 30, 1999, Hurley, J.T.R).
This court finds persuasive the line of cases holding that Maloney v.Conroy, is the controlling authority and prohibits claims for bystander emotional distress in the medical malpractice context. In addition, the court notes that only two Superior Court cases have allowed a plaintiff father to recover for bystander emotional distress in circumstances involving the birth of a child. Blanchette v. Desper, supra, Superior Court, Docket No. 144050; Bond v. Kalla, supra, Superior Court, Docket No. 543295. Accordingly, the court strikes counts twenty-one through twenty-four alleging bystander emotional distress on the ground that they are legally insufficient.
In counts thirteen through sixteen, the plaintiff mother alleges claims for bystander emotional distress and in counts seventeen through twenty, she alleges claims for negligent infliction of emotional distress. The defendants move to strike these counts on the ground that Connecticut does not recognize a cause of action for bystander and/or negligent infliction of emotional distress in the medical malpractice context. In response, the plaintiff mother contends that if the four conditions inClohessy v. Bachelor are satisfied, then a claim for bystander and/or negligent infliction of emotional distress cannot be stricken.
"Under Connecticut law, a bystander to medical malpractice perpetrated on another may not recover for emotional distress. . . . However, a distinction is recognized between claims for bystander recovery and claims for negligent infliction of emotional distress based on the breach of a direct duty owed to the plaintiff-mother by virtue of the physician-patient relationship. . . ." (Citations omitted.) Starr v.Merdinolu, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 093948 (November 1, 1990, Cioffi, J.) "Numerous Superior Court cases have considered whether a mother may recover emotional distress damages for the injury or "death of a child resulting from medical malpractice in the prenatal and delivery periods. . . . "The majority of the Superior Court cases that have considered the issue have ruled that a mother is not a bystander respecting matters that are incident to prenatal care and the delivery of her child." (Citations omitted.) Patel v. Norwalk Hospital, Superior Court, judicial district of CT Page 8522 Stamford-Norwalk at Stamford, Docket No. 164457 (February 9, 2000,Lewis, J.) (26 Conn.L.Rptr. 444). "The very term "delivery' presupposes that the mother is an active participant in the birthing of a child. To hold otherwise would be to reject the entire human experience, everywhere and at all times." Johnson v. Day Kimball Hospital, Superior Court, judicial district of Windham at Putnam, Docket No. 063592 (January 24, 2001, Foley, J.). "[W]hen a child is injured due to negligent obstetrical care, the mother and child are joint victims of malpractice, not separable entities. . . ." (Internal quotation marks omitted.) McCartneyv. Culvahouse, supra, Superior Court, Docket No. 166468. In counts thirteen through sixteen, the plaintiff mother's claims are based solely on her status as a bystander and not on her status as a patient to whom the defendants owed a direct duty of care. Accordingly, because a mother is not a bystander during the pregnancy and the delivery, the court strikes counts thirteen through sixteen alleging bystander emotional distress.
As to the plaintiff mother's claims for negligent infliction of emotional distress "where the emotional distress is not claimed to have flowed from or to have accompanied some negligently caused physical injury, the [plaintiff-mother] must plead and establish that: the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if caused, might result in illness or bodily harm. Montinieri v. Southern NewEngland Telephone, 175 Conn. 337, 345, [398 A.2d 1180] (1978)." Stapletonv. S.H.E. Medical Associates, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 536586 (May 18, 1995,Sheldon, J.).
In counts seventeen through twenty, against the defendant hospital, Dr. Cusik, Dr. Cahill and Dr. Wolny, respectively, the plaintiff mother incorporates paragraphs of previous counts in which she alleges that "[a]t all times during their treatment of Ms. Chavarria and Katherine E. Perez, [the defendants were] under a duty to provide them with the level of care, skill and treatment recognized as acceptable and it negligently failed to provide the required appropriate and acceptable care, skill and treatment as alleged. . . ." She also alleges that she "was awake and alert throughout her labor and delivery and knew of the events of labor and delivery, including the fact that she had been in pain and bleeding heavily and that the labor had been difficult and prolonged;" that the defendants "knew or should have known that [their conduct] involved an unreasonable risk of causing emotional distress to Ms. Chavarria which might result in illness or bodily harm;" and that "[a]s a result of [the defendants'] conduct, Ms. Chavarria "suffered and continues to suffer extreme emotional distress." Thus, the plaintiff mother has sufficiently alleged facts to support a claim for negligent infliction of emotional CT Page 8523 distress, and the court denies the motion to strike as to counts seventeen through twenty.[1]
In conclusion, the motion to strike is granted as to counts five through eight, thirteen through sixteen, and twenty-one through twenty-four. The motion to strike is denied as to counts seventeen through twenty.
KARAZIN, J.