[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE (#107)
On August 6, 2001, the plaintiffs, Dina Subiono and Andrew Subiono, individually and on behalf of their infant son, Jared Subiono, filed a three count complaint against the defendant, Robert A. Yordan, M.D., alleging negligence and damages in connection with the birth and delivery of Jared on January 10, 2000. On November 15, 2001, the defendant filed a motion to strike count two of the plaintiffs' complaint on the grounds that Connecticut does not recognize a cause of action for bystander emotional distress in the context of medical malpractice nor does it recognize a claim for loss of filial consortium.[1] The plaintiffs timely filed a memorandum in opposition on November 29, 2001. On December 10, 2001, the court heard oral argument on the motion to strike and now issues its decision.
The following facts are alleged in count two of the complaint. On January 10, 2000, the defendant had undertaken and thereafter failed to use due care during Jared's birth and delivery, which caused Jared to sustain and suffer severe and debilitating personal injuries. As a result of the defendant's deviations from the applicable standard of care, Jared suffered a brachial plexus injury to his left upper extremity due to shoulder dystocia at birth, Erb-Duchenne palsy, umbilical hernia, injuries to his nerves, muscles, and soft tissues of his arm and shoulder. The full nature and extent of Jared's injuries are presently unknown.
In addition, paragraph eight in count two of the complaint states a claim for negligent infliction of emotional distress. This count alleges that the defendant knew or should have known that his negligence in connection with Jared's birth and delivery was likely to cause an unreasonable risk of emotional distress to Dina, thus causing her illness or bodily harm. Furthermore, paragraph nine in count two of the complaint states a claim for bystander emotional distress in that the defendant's carelessness and negligence in connection with Jared's birth and delivery has caused Dina to suffer severe psychological, physiological and emotional distress. Thus, Dina claims that she has suffered an emotional injury for which she seeks damages.
 DISCUSSION CT Page 5299
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820,825-26, 676 A.2d 357 (1996). In reviewing a motion to strike, the court is limited to the grounds set forth in the motion. See Blancato v.Feldspar Corp., 203 Conn. 34, 44, 522 A.2d 1235 (1987).
The defendant moves to strike count two of the complaint on the ground that Connecticut does not recognize a cause of action for bystander emotional distress in the context of medical malpractice. The defendant relies on the Connecticut Supreme Court's holding in Maloney v. Conroy,208 Conn. 392, 545 A.2d 1059 (1988) wherein the Court refused to recognize a claim for bystander emotional distress in a medical malpractice action. In addition, the defendant contends that Maloney is the controlling authority despite the Court's more recent decision inClohessy v. Bachelor, 237 Conn. 31, 675 A.2d 852 (1996) wherein the Court allowed a claim for bystander emotional distress in limited circumstances. In response, Dina argues that her claim rests on two independent causes of action: First, a direct claim for negligent infliction of emotional distress caused by the defendant's breach of his duty arising from their physician-patient relationship, and second for negligent infliction of emotional distress as a bystander at the birth of her child. She asserts that if the court considers her to be a bystander during the labor and delivery of her child, the complaint pleads the elements necessary to prevail on a claim for bystander emotional distress as outlined in Clohessy.[2]
In Maloney v. Conroy, supra, 402, the Court held that "[w]hatever may be the situation in other contexts where bystander emotional disturbance claims arise, we are convinced that, with respect to such claims arising from malpractice on another person, we should return to the position we articulated in Strazza that `there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another.'" In Clohessy v. Bachelor, supra, 46, the Court held that "[u]nder certain circumstances . . . a tortfeasor may owe a legal duty to a bystander. Consequently, a tortfeasor who breaches that duty through negligent conduct may be liable for a bystander's emotional distress proximately caused by that conduct." In reaching its decision, the Court overruled its earlier decision in Strazza v. McKittrick, 146 Conn. 714, CT Page 5300156 A.2d 149 (1959) "to the extent that it conflicts with [the] opinion in this case." Id.
Since the Court rendered its decision in Clohessy, a division of opinion has emerged among the judges of the Superior Court as to whetherMaloney is the controlling authority concerning whether a plaintiff may assert a cause of action for bystander emotional distress in the context of medical malpractice. See e.g., Erwin v. Bodin, Superior Court, judicial district of New London at New London, Docket No. 537103 (January 16, 1998, Martin, J.) (The court cites several other Superior Court decisions that denied a cause of action for bystander emotional distress in the context of medial malpractice and, further, notes that the Court in Clohessy only overruled its decision in Strazza, and did not make any such statement with regard to its holding in Maloney, therefore, intending its decision in Maloney to remain good law).
The Supreme Court, however, in Mendillo v. Board of Education,246 Conn. 456, 480, 492, 717 A.2d 1177 (1998), reaffirmed its decision inMaloney and discussed the Court's reluctance in imposing third party liability on a tortfeasor. While the Court in Mendillo reasoned that public policy considerations justified a cause of action for bystander emotional distress in Clohessy, the Court referred favorably twice to its holding in Maloney, by citing instances where public policy precluded a cause of action in tort based on third party liability. Mendillo v. Boardof Education, supra, 480, 492. Accordingly, because the Connecticut appellate courts still do not recognize a cause of action for bystander emotional distress in the context of medical malpractice, this court adopts the view that Maloney is the controlling authority that prohibits claims for bystander emotional distress in medical malpractice actions.
This court, however, recognizes the difference between claims for bystander emotional distress and claims for negligent infliction of emotional distress arising from a breach of a direct duty owed to the plaintiff by virtue of the physician-patient relationship. See Chavarriav. Stamford Health System, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 175976 (June 27, 2001, Karazin,J.); see also Starr v. Merdinolu, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 093948 (November 1, 1990,Cioffi, J.) (2 Conn.L.Rptr. 714, 715). "Numerous Superior Court cases have considered whether a mother may recover emotional distress damages for the injury or death of a child resulting from medical malpractice in the prenatal and delivery periods. . . . The majority of the Superior Court cases that have considered the issue have ruled that a mother is not a bystander [with respect to matters] that are incident to prenatal care and the delivery of her child." (Citations omitted; internal quotation marks omitted.) Patel v. Norwalk Hospital, Superior Court, CT Page 5301 judicial district of Stamford-Norwalk at Stamford, Docket No. 164457 (February 9, 2000, Lewis, J.) (26 Conn.L.Rptr. 444). "The very term `delivery' presupposes that the mother is an active participant in the birthing of a child. To hold otherwise would be to reject the entire human experience, everywhere and at all times." Johnson v. Day KimballHospital, Superior Court, judicial district of Windham at Putnam, Docket No. 063592 (January 24, 2001, Foley, J.), quoting Manville v. Williams,
Superior Court, judicial district of Tolland, Docket No. 065055 (April 8, 1998, Sullivan, J.) (21 Conn.L.Rptr. 654, 656). "[W]hen a child is injured due to negligent obstetrical care, the mother and child are joint victims of malpractice, not separable entities." (Internal quotation marks omitted.) McCartney v. Culvahouse, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 166468 (February 19, 1999, Mintz, J.) "In such circumstance . . . there are two within the zone of danger and the doctor owes a duty to each." (Internal quotation marks omitted.) Hyland v. State of Connecticut,
(7 Conn.L.Rptr. 222-223) (September 14, 1992, Aurigemma, J.) A birthing mother is the patient and active participant, not a bystander in connection with the delivery of her child, hence this court does not recognize a claim for emotional distress as a bystander in such a situation. Rather, this court holds that a birthing mother may assert a claim for negligent infliction of emotional distress due to the harm she sustained as a result of medical malpractice during the delivery of her child.
To sustain a cause of action for negligent infliction of emotional distress, the plaintiff must allege that "the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." Montinieri v. Southern New England TelephoneCo., 175 Conn. 337, 345, 398 A.2d 1180 (1978); see also Pavliscak v.Bridgeport Hospital, 48 Conn. App. 580, 597, 711 A.2d 747, cert. denied,245 Conn. 911, 718 A.2d 17 (1998). In count two of the complaint, Dina alleges that the defendant knew or should have known that his negligence, that is, the breach of his duty to provide her with the appropriate standard of care during the birth and delivery of her son, was likely to and did cause her emotional distress and illness. Viewing the plaintiff's allegations in a light most favorable to sustaining the complaint, the court finds that count two alleges sufficient facts to support a claim for negligent infliction of emotional distress.
 CONCLUSION
According to the reasons stated above, the court denies the defendant's motion to strike count two of the complaint. y
Martin, J. CT Page 5302